NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

MANUEL JOSE PELAYO, *Appellant*.

No. 1 CA-CR 14-0178
FILED 3-10-2015

---

Appeal from the Superior Court in Maricopa County
No.  CR 2013-003199-001
The Honorable Jerry Bernstein, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

Manuel Jose Pelayo, *Appellant*

---

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Lawrence F. Winthrop joined.

---

**G E M M I L L**, Judge:

¶1 Manuel Jose Pelayo appeals his convictions and sentences for two counts of aggravated driving under the influence (DUI), both class 4 felonies. Pelayo's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that he has searched the record and found no arguable question of law and requesting that this court examine the record for reversible error. Pelayo was afforded the opportunity to file a *pro se* supplemental brief and has done so. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 "We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions." *State v. Powers*, 200 Ariz. 123, 124, ¶ 2, 23 P.3d 668, 669 (App. 2001). With that standard in mind, we note the following evidence was admitted at trial.

¶3 On February 2013, R.S. was in the area of 51st Avenue and Northern, traveling northbound. A truck was traveling southbound through the intersection when R.S. saw a white Dodge, traveling east, run a red light and hit the white truck. R.S. testified that he saw a Hispanic male, medium build, about five-nine or ten, get out of the driver's door of the white Dodge.

¶4 A Glendale Police Officer (Officer) arrived at the scene shortly after the incident. R.S. identified Pelayo as the driver of the white Dodge. Officer then approached Pelayo, noting that Pelayo was swaying and had an odor of alcohol on him. Furthermore, Officer noticed that Pelayo's eyes were bloodshot and watery, and slurring his speech, consistent with impairment.

¶5 Officer asked Pelayo what happened, and Pelayo responded that he did not know and that he was not driving. Pelayo also told Officer

that the car belonged to his friend and handed Officer his Arizona identification card from which Officer learned that Pelayo's privilege to drive had been revoked. This was confirmed by the deputy custodian of records with the Motor Vehicle Division (MVD) who testified that Pelayo's driving privileges were revoked and suspended on the day of the accident. The deputy custodian of records testified that Pelayo had been sent multiple notices that his privilege to drive had been suspended or revoked. There was evidence that multiple letters had been mailed to Pelyao's most current address on file with the MVD.

¶6          Pelayo refused to perform field sobriety tests and was placed under arrest. Pelayo's blood was drawn at 9:10 in the morning, within two hours of the accident. Testing by the Arizona Department of Public Safety Crime Lab in Phoenix found that the blood alcohol concentration of Pelayo's blood was 0.296, over three times the legal limit.

¶7          Pelayo was indicted on two counts of DUI, class 4 felonies. Count 1 was for the offense of aggravated driving while under the influence. This count requires that the defendant drove or was in actual physical control of a vehicle "[w]hile under the influence of intoxicating liquor" and impaired in the slightest degree. Arizona Revised Statutes ("A.R.S") § 28-1381(A)(1). Count 2 was for the offense of aggravated driving while under the influence of intoxicating liquor with "an alcohol concentration of 0.08 or more within two hours of driving[.]" A.R.S. § 28-1381(A)(2). Both counts were alleged as aggravated because Pelayo had driven or been in actual physical control of a vehicle "while the person's driver license or privilege to drive is suspended, canceled, revoked or refused[.]" A.R.S. § 28-1383(A)(1).

¶8          After the evidence was presented, the jury found Pelayo guilty on both counts. At a separate trial to determine prior felony convictions, the evidence established Pelayo had committed DUI offenses in 1999, 2000, and 2002. The court then imposed concurrent, presumptive sentences of ten years on each count, with 369 days of presentence incarceration credit.

**DISCUSSION**

¶9          In his supplemental brief, Pelayo asserts ineffective assistance of counsel. But ineffective assistance of counsel claims must be brought under Rule 32 post-conviction relief proceedings, in accordance with the Arizona Rules of Criminal Procedure and the Arizona Supreme Court's

holding in *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9, 39 P.3d 525, 527 (2002). Therefore, such claims will not be addressed in this direct appeal. *Id.*

¶10      Having considered defense counsel's brief and examined the record for reversible error, *see Leon*, 104 Ariz. at 300, 451 P.2d at 881, we find none. The sentence imposed falls within the range permitted by law, and the evidence presented supports the conviction. As far as the record reveals, Pelayo was represented by counsel at all stages of the proceedings, and these proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶11      Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984), counsel's obligations in this appeal have ended. Counsel need do no more than inform Pelayo of the disposition of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. Pelayo has thirty days from the date of this decision in which to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

## CONCLUSION

¶12      The conviction and sentence are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama