NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SCOTTI ALEXANDER KING, *Appellant.*

No. 1 CA-CR 15-0779
FILED 7-12-2016

Appeal from the Superior Court in Mohave County
No.  S8015CR201500256
The Honorable Steven F. Conn, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Randall M. Howe and Judge Andrew W. Gould joined.

**J O H N S E N**, Judge:

**¶1**        This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following Scotti A. King's conviction of aggravated assault by domestic violence, a Class 2 felony; aggravated assault by domestic violence, a Class 6 felony; aggravated assault by domestic violence, a Class 3 felony; and disorderly conduct involving a weapon by domestic violence, a Class 6 felony. King's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530 (App. 1999). King has filed a supplemental brief identifying various issues, which we address below.  Counsel now asks this court to search the record for fundamental error.  After reviewing the entire record, we affirm King's convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**        Officers responded to a domestic violence call at King's residence.[1]  M.S., King's sister, was sitting on the couch, when King began threatening their mother.  M.S. asked King to stop, but instead of stopping, he grabbed M.S., shook her, yelled at her and spit in her face.  Trying to intervene to prevent harm to M.S. after King pulled a knife, King's brother, J.S., jumped on King.  R.S., father of M.S. and J.S., ran in after hearing M.S. scream and saw J.S. and King on the floor.  R.S. retrieved the knife from King and grabbed him in an attempt to control him.  When R.S. released King, King fled to the bedroom and grabbed another knife.  J.S. confronted King in the hallway, and King began slashing at J.S., eventually cutting him. After R.S. retrieved the second knife from King, he went to the bedroom again and emerged with a tomahawk, which he threw at a window before R.S. wrestled him to the floor.

---

[1]        Upon review, we view the facts in the light most favorable to sustaining the jury's verdicts and resolve all inferences against King. *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

**¶3** A jury convicted King of three counts of aggravated assault by domestic violence and one count of disorderly conduct involving a weapon by domestic violence. Citing King's mental health issues, the court imposed mitigated concurrent and consecutive sentences totaling 16.5 years, with 245 days' presentence incarceration credit.

**¶4** We have jurisdiction of King's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1) (2016), 13-4031 (2016) and -4033 (2016).[2]

## DISCUSSION

### A. Issues Raised in Supplemental Brief.

#### 1. Sufficiency of the evidence.

**¶5** King challenges the sufficiency of the evidence against him, pointing in particular to purported inconsistent and assertedly false testimony by the victims. King argues that other than the broken window, he is an "[innocent] man."

**¶6** This court will not reweigh the evidence in deciding whether there was sufficient evidence to support the jury's verdicts. *State v. Guerra*, 161 Ariz. 289, 293 (1989). A witness's credibility is determined by the jury. *State v. Ferrari*, 112 Ariz. 324, 334 (1975). Here, the victims testified as recounted above, and the jury apparently believed them. The evidence was sufficient to support the convictions.

#### 2. Alleged ineffective assistance of trial counsel.

**¶7** King asserts his trial attorney did nothing for him and "[he] had a better chance representing [him]self." King also argues his counsel "played sick" during trial and refused to provide him with copies of the police reports he requested. Claims of ineffective assistance of counsel, however, should be raised in a petition for post-conviction relief and may not be raised on direct appeal. *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002). Therefore, we do not address this issue.

---

[2] Absent material revision after the date of an alleged offense, we cite a statute's current version.

### 3.      Self-defense claim.

**¶8**          King also contends that R.S. purposefully and repeatedly punched his head, knowing King had a previous head injury. King, however, points to no evidence to support this argument; moreover, the jury was instructed on self-defense but apparently did not accept the notion that King's acts toward R.S. were motivated by self-defense.

### B.      Due-Process Review.

**¶9**          The record reflects King received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages. The court held appropriate pretrial hearings. Pursuant to Arizona Rule of Evidence 609, the court addressed two of King's prior felony convictions. The court allowed the State to impeach King with the prior felony convictions, but ordered that the convictions not be identified at trial. King subsequently admitted the prior felony convictions during his testimony. The court did not conduct a voluntariness hearing. The record, however, does not suggest a question about the voluntariness of King's statements to police. *See State v. Smith*, 114 Ariz. 415, 419 (1977); *State v. Finn*, 111 Ariz. 271, 275 (1974).

**¶10**          The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury was properly comprised of 12 members with one alternate. The court properly instructed the jury on the elements of the charges, and gave the key instructions concerning burden of proof, presumption of innocence, reasonable doubt and the necessity of a unanimous verdict. The jury returned a unanimous verdict. The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed legal sentence**s** for the crime**s** of which King was convicted.

### CONCLUSION

**¶11**          We have reviewed the entire record for reversible error and find none, and therefore affirm the convictions and resulting sentences. *See Leon*, 104 Ariz. at 300.

**¶12**          After the filing of this decision, defense counsel's obligations pertaining to King's representation in this appeal have ended. Defense counsel need do no more than inform King of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's

own motion, King has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. King has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : AA