IN THE SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Supreme Court |
| | ) | No. CR-00-0569-PC |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | Pima County |
| | ) | Superior Court |
| CHRISTOPHER JOHN SPREITZ, | ) | No. CR-27745 |
| | ) | |
| Defendant-Petitioner. | ) | |
| _____ | ) | **O P I N I O N** |

Appeal from the Superior Court of Pima County

Honorable Paul S. Banales, Judge *Pro Tempore*

AFFIRMED IN PART, REVERSED IN PART

_____

Janet Napolitano, Attorney General                          Phoenix
      by   Kent Cattani, Chief Counsel,
           Capital Litigation Section,
           Criminal Appeals Division
      and
           Jon G. Anderson, Assistant Attorney General
Attorneys for Appellee


Bruner & Upham, P.C.                                        Tucson
      by   Sean Bruner
Attorneys for Appellant

_____

**J O N E S, Chief Justice**

### Facts and Procedural History

¶1        Christopher John Spreitz (defendant) was convicted of the first degree murder, sexual assault, and kidnapping of Ruby Reid. He was sentenced to death for the murder and to consecutive fourteen-year prison terms for the other crimes. Those convictions and sentences were upheld by this court on direct appeal in *State v. Spreitz*, 190 Ariz. 129, 945 P.2d 1260 (1997). The facts of the case were stated in our earlier opinion and need not be repeated here.

¶2        In the direct appeal, the defendant raised a single claim of ineffective assistance of trial counsel. That claim was based on trial counsel having admitted Spreitz' responsibility for the death of the victim in his opening statement, but arguing that legally the defendant was guilty only of lesser offenses. This court found that claim to be without merit. *Spreitz* at 146-47, 945 P.2d at 1277-78.

¶3        Spreitz also claimed several additional instances of ineffective assistance of trial counsel in his subsequent petition for post-conviction relief filed pursuant to Rule 32, Arizona Rules of Criminal Procedure. Because the single claim was raised and addressed in the direct appeal, the trial court held that Spreitz had waived any further claims of ineffective assistance of trial counsel under Rule 32(a)(3). However, because Spreitz also alleged that his appellate counsel was ineffective, the trial court alternatively considered the ineffective assistance of trial counsel

claims on the merits. The trial court ultimately concluded that no colorable claims had been raised and denied relief. We granted review on the question whether by raising one claim of ineffective assistance of trial counsel in the direct appeal, all later ineffectiveness of trial counsel claims are precluded. We have jurisdiction pursuant to A.R.S. § 13-4031 and Rule 32.9, Arizona Rules of Criminal Procedure, 17 A.R.S.

**Analysis**

¶4      Rule 32.2 precludes relief when: (1) an issue can be raised on direct appeal or on post-trial motion; (2) an issue has been finally adjudicated on the merits on appeal or in any previous collateral proceeding; or (3) an issue was waived at trial, on appeal, or in any previous collateral proceeding. Our basic rule is that where ineffective assistance of counsel claims are raised, or could have been raised, *in a Rule 32 post-conviction relief proceeding*, subsequent claims of ineffective assistance will be deemed waived and precluded. *See State v. Conner*, 163 Ariz. 97, 100, 786 P.2d 948, 951 (1990).

¶5      In analyzing the preclusive effect, if any, of Rule 32 for ineffective assistance of counsel claims raised *in an appeal*, we briefly review our recent cases in this area. In 1989, this court recommended that ineffectiveness claims be raised in Rule 32 proceedings and consolidated with the direct appeal. *State v. Valdez,* 160 Ariz. 9, 15, 770 P.2d 313, 319 (1989); *see also State v.*

*Atwood*, 171 Ariz. 576, 599, 832 P.2d 593, 616 (1992) (ineffectiveness claims should be brought in Rule 32 proceedings). A defendant is entitled to an evidentiary hearing on a Rule 32 petition where a colorable claim is presented. *State v. Runningeagle,* 176 Ariz. 59, 63, 859 P.2d 169, 173 (1993); *State v. Shurz*, 176 Ariz. 46, 57-59, 859 P.2d 156, 167-69 (1993). The trial court is the most appropriate forum for such evidentiary hearings.

¶6 However, we later determined to stop delaying the direct appeal for the resolution of Rule 32 proceedings in the trial court below when that procedure became unworkable. *Krone v. Hotham,* 181 Ariz. 364, 366, 890 P.2d 1149, 1151 (1995). We repeated our statement that Rule 32 set forth the proper procedure for resolving claims of ineffective assistance of counsel and reminded practitioners that the normal rules of preclusion would apply to subsequent petitions for post-conviction relief. *Id.* Under rules implemented in 1992, the clerk of the supreme court automatically files a notice of post-conviction relief when the capital conviction and sentence are affirmed. Rule 32.4(a), Arizona Rules of Criminal Procedure. When an earlier petition has been filed, the petition filed pursuant to the automatic notice will be a second and subsequent petition.

¶7 Despite these repeated requests to resolve ineffectiveness claims through the Rule 32 process, practitioners have continued to raise them in direct appeals, as in the present case. The effect of

-4-

doing so has been problematic, not always yielding consistent results. At one time, a colorable ineffective assistance of counsel claim raised in a Rule 32 petition which had been consolidated with the direct appeal was remanded to the trial court for a full factual determination with no discussion of preclusion or waiver. *State v. Watson,* 114 Ariz. 1, 15-16, 559 P.2d 121, 135-36 (1979). This occurred despite the fact that other ineffective assistance of counsel claims had been raised and otherwise considered in the direct appeal.

¶8      Later, we differentiated between trial ineffectiveness claims and sentencing ineffectiveness claims. *State v. Carriger,* 132 Ariz. 301, 645 P.2d 816 (1982) (where trial ineffectiveness claims were raised and addressed in the direct appeal, subsequent sentencing ineffectiveness claims were neither waived nor precluded). A subsequent trial ineffectiveness claim was precluded, however, where similar claims had been previously raised and adjudicated on the merits in the direct appeal, and a full examination of the record did not reveal inadequate efforts by trial counsel. *State v. Raymond Tison,* 142 Ariz. 454, 690 P.2d 755 (1984). Moreover, this court has indicated that it would only consider meritless claims of ineffective assistance of counsel on appeal. *Spreitz* at 146, 945 P.2d at 1277; *State v. Maturana,* 180 Ariz. 126, 133, 882 P.2d 933, 940 (1994). Admittedly, Rule 32 waters have become murky.

-5-

¶9    We endeavor today to clarify this issue for trial courts and practitioners. Accordingly, we reiterate that ineffective assistance of counsel claims are to be brought in Rule 32 proceedings. Any such claims improvidently raised in a direct appeal, henceforth, will not be addressed by appellate courts regardless of merit. There will be no preclusive effect under Rule 32 by the mere raising of such issues. The appellate court simply will not address them. This ensures criminal defendants a timely and orderly opportunity to litigate ineffectiveness claims and, we believe, promotes judicial economy by disallowing piecemeal litigation.

## Conclusion

¶10    To the extent that the trial court in this case ruled otherwise, we reverse that part of its ruling. The trial court alternatively addressed the merits of the ineffectiveness claims, and we affirm those findings. There was no abuse of discretion in the trial court's determination of the substantive issues.

¶11    We modify and clarify *State v. Tison,* 142 Ariz. at 454, 690 P.2d at 755, *State v. Carriger,* 132 Ariz. at 301, 645 P.2d at 816, and *State v. Watson,* 114 Ariz. at 1, 559 P.2d at 121, to the extent the holdings of those cases differ from the rule announced here. We disapprove of *State v. Scrivner,* 132 Ariz. 52, 643 P.2d 1022 (App. 1982), where it is inconsistent.

¶12    We reverse the trial court's determination that the subsequent ineffectiveness claims were waived.  We affirm the substantive findings on those claims.

                                    _____
                                    Charles E. Jones
                                    Chief Justice

CONCURRING:

_____
Ruth V. McGregor, Vice Chief Justice


_____
Stanley G. Feldman, Justice


_____
Thomas A. Zlaket, Justice


_____
Frederick J. Martone, Justice