NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAIME CHAVEZ-MOLINA, *Appellant.*

No. 1 CA-CR 13-0607
FILED 08-14-2014

Appeal from the Superior Court in Maricopa County
No.  CR2010-157027-001
The Honorable Carolyn K. Passamonte, *Judge Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

Jaime Chavez-Molina
Appellant

------

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Kent E. Cattani joined.

------

**T H U M M A**, Judge:

**¶1** This is an appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), following a prior appeal where defendant Jaime Chavez-Molina's convictions were affirmed, most of his sentences were affirmed but two sentences were vacated and remanded for resentencing. Counsel for defendant has advised the court that, after searching the entire record, no arguable question of law has been located, and asks this court to conduct an *Anders* review of the record. Chavez-Molina was given the opportunity to file a supplemental brief pro se, and has done so. This court has reviewed the entire record and finds no reversible error. Accordingly, this court affirms.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2** Chavez-Molina's convictions stem from an incident in October 2010 where he "forcibly removed his pregnant girlfriend from a bar and later confronted a man who his girlfriend had asked to call the police." *State v. Chavez-Molina*, 1 CA-CR 11-0848, 2012 WL 5269741, at * 1 ¶ 1 (Ariz. App. Oct. 25, 2012) (mem. dec.). Chavez-Molina was charged with and, following a jury trial, convicted of kidnapping, a Class 2 dangerous felony and domestic violence offense; aggravated assault, a Class 3 dangerous felony and domestic violence offense; two other felonies and two other misdemeanors. Chavez-Molina was sentenced to concurrent prison sentences and jail terms, the longest of which were eight years for the kidnapping conviction and ten years for the aggravated assault (dangerous and domestic violence) conviction, and he was given appropriate presentence incarceration credit.

------

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-464 (1997) (citation omitted).

¶3          On Chavez-Molina's original appeal, this court affirmed his convictions, affirmed most of his sentences but vacated the sentences for kidnapping and aggravated assault (dangerous and domestic violence). *See Chavez-Molina*, 1 CA-CR 11-0848, at *7 ¶ 24. On remand, the superior court resentenced Chavez-Molina to terms of ten years in prison for the kidnapping conviction and eight years in prison for the aggravated assault (dangerous and domestic offense) conviction, with appropriate presentence incarceration credit and to run concurrently with each other and all other prison sentences and jail terms in this matter. From Chavez-Molina's timely appeal from his resentencing, this court has jurisdiction pursuant to Arizona Revised Statues (A.R.S.) sections 12-120.21(A)(1), 13-4031, and -4033(A)(1) (2014).[2]

## DISCUSSION

¶4          Counsel for Chavez-Molina has advised this court that after a diligent search of the record, he found no arguable question of law. In his supplemental pro se brief, Chavez-Molina argues he was not provided effective assistance of counsel at trial and attempts to press various trial issues. This court lacks jurisdiction to address ineffective assistance of counsel claims, which must be brought in a petition for post-conviction relief. *See* Ariz. R. Crim. P. 32.1; *State v. Spreitz*, 202 Ariz. 1, 3 ¶ 9, 39 P.3d 525, 527 (2002). The trial issues Chavez-Molina attempts to press were either raised and rejected in the prior appeal, or could have been raised in the prior appeal and, accordingly, are barred. *See State v. White,* 194 Ariz. 344, 354 ¶ 43, 982 P.2d 819, 829 (1999) (stating if a "party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter") (quoting *United States v. Nagra*, 147 F.3d 875 (9th Cir. 1998)). Similarly, in resentencing Chavez-Molina, the superior court properly recognized that it had the discretion to add up to two years in prison for each of those counts pursuant to A.R.S. § 13-709.04 (2010) and, in exercising its discretion, did add two years to those two sentences and the sentences imposed were within statutory limits.

¶5          The record shows that Chavez-Molina was represented by counsel at all stages of the proceedings and was present at all critical stages. All of the proceedings were conducted in compliance with the Arizona

---

[2] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

Rules of Criminal Procedure and the sentences imposed were within statutory limits and permissible ranges.

## CONCLUSION

**¶6** This court has read and considered counsel's brief and Chavez-Molina's supplemental pro se brief and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300, 451 P.2d at 881. Accordingly, this court affirms.

**¶7** Upon filing of this decision, defense counsel is directed to inform Chavez-Molina of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Chavez-Molina shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: gsh