NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RONALD CHRISTOPHER GRANAURO, *Appellant.*

No. 1 CA-CR 15-0154
FILED 12-1-2015

Appeal from the Superior Court in Maricopa County
No. CR 2013-417985-001
The Honorable Jo Lynn Gentry, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Nicole Farnum, Phoenix
By Nicole Farnum
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Randall M. Howe and Judge Andrew W. Gould joined.

_____

**S W A N N**, Judge:

**¶1**        Defendant Ronald Christopher Granauro appeals from his conviction for aggravated assault, a domestic violence offense.

**¶2**        This case comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969).  Defendant's appellate counsel searched the record on appeal, found no arguable nonfrivolous question of law, and asks us to review the record for fundamental error.  *See Anders*, 386 U.S. 738; *Smith v. Robbins*, 528 U.S. 259 (2000); *State v. Clark*, 196 Ariz. 530 (App. 1999).  Defendant did not file a supplemental brief.

**¶3**        Having searched the record and considered the briefing, we discern no fundamental error.  We therefore affirm.

### FACTS AND PROCEDURAL HISTORY

**¶4**        The state charged Defendant with two counts of aggravated assault for beating Victim, his live-in girlfriend, allegedly causing a subdural hematoma and vitreous detachment.

**¶5**        Defendant's counsel requested a competency hearing under Ariz. R. Crim. P. 11 to determine if he was fit to stand trial.  Defendant had had a serious motorcycle accident when he was in his teens.  He was in a coma for more than two weeks and in the hospital recovering for many months.  The accident caused a traumatic brain injury, which affected his cognitive ability and, according to his family and friends, his personality.  The court appointed two psychologists to examine him, and both opined that he was competent, with one remarking that Defendant was functioning above expectations given his injuries.  On the basis of these reports, the court found him competent to stand trial.

**¶6**        Defendant moved to change his counsel four times, asserting that his appointed attorney did not contact him and refused to turn over case files to him.  At oral argument on the motion, counsel stated that she

had been in contact with Defendant and his family and had provided him with copies of all the relevant documents. The court found no cause to remove his appointed counsel and denied the motions.

¶7 The state presented evidence of the following facts at trial. On April 1, 2013, Defendant and Victim had an argument concerning the state of their romantic relationship; the two lived together, but Victim had asked Defendant to move out. Later in the evening, Defendant attacked Victim in bed, pinning her down and punching her repeatedly, more than 50 times according to Victim's estimate, severely injuring her. After the incident, he left the scene and made an anonymous emergency call for the Victim, once she promised not to name him as the perpetrator. Victim was taken to the hospital for head trauma. After a CT scan revealed an "acute left frontal parietal subdural hematoma," she was transferred to another hospital for a higher level of care. She was released about one day later, but continued to suffer from headaches and eye problems. An ophthalmologist testified that the eye problems Victim experienced could arise from trauma but could also occur naturally from aging.

¶8 Defendant was arrested a few weeks after the incident and charged with two counts of aggravated assault. Before his arrest, he made numerous phone calls to Victim -- as many as 64 in one day -- alternately apologizing and threatening her. After his arrest, he continued to contact Victim by writing her letters, begging her not to testify at his trial. Victim testified that all the letters and phone calls frightened her as she felt "he was going to come after me again."

¶9 At the close of the state's evidence, Defendant moved for a judgement of acquittal under Ariz. R. Crim. P. 20. The court denied the motion, and Defendant rested without presenting any additional evidence.

¶10 After considering the evidence presented, the jury found Defendant guilty of one count of aggravated assault for the subdural hematoma, but found him not guilty of aggravated assault for the vitreous detachment and not guilty of the lesser-included offense of assault. In the aggravation phase, Victim testified that she continued to have headaches from the attack, and that she had ongoing nightmares that Defendant would "finish what he promised to finish; continue on with the beating." The jury found the aggravating factor of causing physical, emotional, or financial harm to the victim proven. Defendant opted to waive a trial on his prior offenses, and the court found that he had two non-historical prior offenses not committed on the same occasion. The court sentenced him to

4.5 years incarceration with 453 days of presentence incarceration credit. Defendant appeals.

## DISCUSSION

**¶11**        Though Defendant was displeased with his counsel and repeatedly moved to change his counsel, claims of ineffective assistance of counsel must be raised in a petition for post-conviction relief under Ariz. R. Crim. P. 32. *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002). While a defendant is entitled to competent representation, he is not entitled to "counsel of choice, or to a meaningful relationship with his . . . attorney." *State v. Moody*, 192 Ariz. 505, 507, ¶ 11 (1998). Generally, appointment of new counsel requires "an irreconcilable conflict or a completely fractured relationship between counsel and the accused." *State v. Cromwell*, 211 Ariz. 181, 186, ¶ 29 (2005). The defendant "must allege facts sufficient to support a belief that an irreconcilable conflict exists warranting the appointment of new counsel in order to avoid the clear prospect of an unfair trial." *Id* at 187, ¶ 30. Defendant here believed that his counsel did not contact him enough and did not turn over all the relevant documents for his trial. Counsel had, however, provided him with copies of the files in her possession and had been in contact with his family. The court properly concluded these facts did not show an irreconcilable conflict necessitating a change of counsel.

**¶12**        Defendant was present and represented by counsel at all critical stages of the proceeding, including the competency hearing. The court conducted the competency proceedings in accordance with Ariz. R. Crim. P. 11. The correct number of jurors were seated without any issues of prejudice in accordance with A.R.S. § 21-102(B) and Ariz. R. Crim. P. 18.1(a). The prosecution did not make any improper arguments at trial. The jury received correct instructions on the elements of aggravated assault and the lesser-included offense of assault. The evidence presented at trial supported the jury's verdict of guilty on one count of aggravated assault.

**¶13**        The court imposed a legal sentence. The jury properly found the aggravating factor of causing physical, emotional, or financial harm to the victim, and the court found two non-historical prior offenses after Defendant waived his right to a trial on them. Defendant spoke on his own behalf at the sentencing. And the court imposed the presumptive sentence for a class four felony, *see* A.R.S. § 13-1204(D), and domestic violence offense, *see* A.R.S. § 13-3601(A)(1), with two non-historical prior offenses not committed on the same occasion, *see* A.R.S. § 13-703. The

court properly calculated and applied 453 days of presentence incarceration credit.

## CONCLUSION

**¶14**     For the foregoing reasons, we affirm Defendant's conviction and sentence.

**¶15**     Defense counsel's obligations pertaining to this appeal have come to an end. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Unless, upon review, counsel discovers an issue appropriate for petition for review to the Arizona Supreme Court, counsel must only inform Defendant of the status of this appeal and his future options. *Id.* Defendant has 30 days from the date of this decision to file a petition for review *in propria persona*. *See* Ariz. R. Crim. P. 31.19(a). Upon the court's own motion, Defendant has 30 days from the date of this decision in which to file a motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama