NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JAMES GERMAINE BOLDEN, *Petitioner*.

No. 1 CA-CR 14-0516 PRPC
FILED 8-11-2016

Petition for Review from the Superior Court in Maricopa County
No. CR 2002-005449
The Honorable Rosa Mroz, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

James Germaine Bolden, Winslow
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Donn Kessler joined.

**T H O M P S O N, Judge**

**¶1**          James Germaine Bolden petitions for review of the superior court's summary dismissal of a "Writ of Coram Nobis – Writ of Error" which the court treated as a notice of post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32. We have considered his petition for review and, for the reasons stated, grant review but deny relief.

**¶2**          A jury convicted Bolden of armed robbery. On December 18, 2002, the superior court sentenced him to a 15.75-year term of imprisonment. The conviction and sentence were affirmed on appeal. *State v. Bolden*, 1 CA-CR 03-0030 (Ariz. App. Dec 23, 2003) (mem. decision). The mandate on the appeal issued on July 22, 2004.

**¶3**          Between 2004 and 2013, Bolden commenced three post-conviction relief proceedings, all of which were unsuccessful. On July 11, 2014, Bolden filed a "Writ of Coram Nobis -Writ of Error," raising a claim of ineffective assistance of trial counsel in regards to his sentencing. The superior court properly treated the filing as a notice of post-conviction relief, *see* Rule 32.3, Ariz. R. Crim. P., and summarily dismissed it, ruling the claim of ineffective assistance of counsel could not be raised in an untimely Rule 32 proceeding. This petition for review followed.

**¶4**          On review, Bolden requests that this court reverse the superior court's summary dismissal of his claim for relief. We review the summary dismissal of a post-conviction relief proceeding for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006).

**¶5**          To be timely, a notice of post-conviction relief must be filed within ninety days of entry of judgment and sentencing or within thirty days after the issuance of the mandate on a direct appeal. Ariz. R. Crim. P. 32.4(a). "Any notice not timely filed may only raise claims pursuant to Rule 32.1(d), (e), (f), (g) or (h)." *Id.*; *see also State v. Shrum*, 220 Ariz. 115, 118, ¶ 13, 203 P.3d 1175, 1178 (2009) (noting "few exceptions" to "general rule of preclusion" for claims in untimely or successive petitions). Claims of ineffective assistance of counsel do not fall within Rule 32.1(d), (e), (f), (g) or (h) because they are "cognizable under Rule 32.1(a)." *State v. Petty*, 225 Ariz. 369, 373, ¶ 11, 238 P.3d 637, 641 (App. 2010); *see also* Ariz. R. Crim. P. 32.1(a) cmt. (noting claims of ineffectiveness of counsel and violations of other constitutional rights fall under this subsection). Thus, the superior court correctly ruled Bolden could not raise the ineffective assistance of counsel claim in an untimely post-conviction proceeding.

**¶6**        Furthermore, the claim of ineffective assistance of counsel raised by Bolden is precluded because it could have been raised in his prior Rule 32 proceedings.  Ariz. R. Crim. 32.2(a); *see also State v. Spreitz*, 202 Ariz. 1, 2, ¶ 4, 39 P.3d 525, 526 (2002) ("Our basic rule is that where ineffective assistance of counsel claims are raised, or could have been raised, in a Rule 32 post-conviction relief proceeding, subsequent claims of ineffective assistance will be deemed waived and precluded.") (emphasis omitted). Accordingly, there was no abuse of discretion by the superior court in summarily dismissing the post-conviction relief proceeding.

**¶7**        We grant review, but deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: AA