NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

CHRIS JAMES COTE, *Appellant*.

No. 1 CA-CR 15-0785
FILED 10-20-2016

Appeal from the Superior Court in Maricopa County
No. CR2013-433903-001 DT
The Honorable Teresa A. Sanders, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

Chris James Cote, Florence
*Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Kenton D. Jones joined.

---

**W I N T H R O P**, Presiding Judge:

**¶1**         Chris James Cote ("Appellant") appeals his conviction and sentence for one count of sexual conduct with a minor.  Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating he has searched the record for error but has found no arguable question of law that is not frivolous.  Appellant's counsel therefore requests that we review the record for fundamental error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating that this court reviews the entire record for reversible error).  This court allowed Appellant to file a supplemental brief *in propria persona*, and Appellant has done so, raising two issues that we address.

**¶2**         We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2016), 13-4031 (2010), and 13-4033(A) (2010). Finding no reversible error, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

**¶3**         On July 25, 2013, a grand jury issued an indictment charging Appellant with one count of sexual conduct with a minor.  *See* A.R.S. § 13-1405 (Supp. 2015).[2]

---

[1]      We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant.  *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

[2]      Section 13-1405 has been amended several times since Appellant's crime, *see* 2008 Ariz. Sess. Laws, ch. 210, § 1 (2nd Reg. Sess.); 2008 Ariz. Sess. Laws, ch. 301, § 58 (2nd Reg. Sess.); 2011 Ariz. Sess. Laws, ch. 58, § 1 (1st

¶4        At trial, the State presented the following evidence:   In January 2013, a detective interviewed the victim, A.C., who was at that time twelve years old.  During the interview, A.C. disclosed that, sometime in 2004, when she was approximately four years old, she was at a relative's home and told her father (Appellant) that she needed to use the restroom.  Appellant followed A.C. into the restroom, put his penis in her mouth, and moved her head back and forth.

¶5        After A.C.'s disclosure, police asked Appellant to come to the police station for an interview, and he agreed to do so.  Before conducting the interview, the interviewing detective advised Appellant of his rights pursuant to *Miranda*,[3] and Appellant agreed to speak with the detective. During the interview, Appellant admitted he had engaged in the sexual conduct A.C. had previously described.

¶6        The jury found Appellant guilty as charged of one count of sexual conduct with a minor, a class two felony and dangerous crime against children.  The jury also found that, at the time of the offense, the victim was under the age of twelve and Appellant was at least eighteen years old.

¶7        The court sentenced Appellant to the statutorily required sentence of life in prison without the possibility of release for thirty-five years, and credited Appellant for 852 days of presentence incarceration. Appellant filed a timely notice of appeal.

## ANALYSIS

¶8        Appellant raises two arguments in his supplemental brief:  1) that he received ineffective assistance of counsel; and 2) that the court erred in the sentence it imposed.  As explained below, we decline to address the ineffective assistance of counsel argument, and reject Appellant's argument that the court erred in his sentencing.

        I.        *Alleged Ineffective Assistance of Counsel*

¶9        Appellant argues that his trial counsel provided him with ineffective assistance.  We do not address his arguments challenging the effectiveness of trial counsel on direct appeal, however, because claims for

---

Reg. Sess.); 2015 Ariz. Sess. Laws, ch. 209, § 4 (1st Reg. Sess.), but the amendments do not affect our analysis except as noted *infra*.

[3]        *See Miranda v. Arizona*, 384 U.S. 436 (1966).

ineffective assistance of counsel must be brought through Rule 32 proceedings. *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9, 39 P.3d 525, 527 (2002).

## II. Alleged Error in Sentencing

**¶10** Appellant argues that the trial court erred in sentencing him to life without the possibility of release for thirty-five years. He argues that, as a first-time felony offender, he should have been sentenced under A.R.S. § 13-702 (2010).[4] However, the statute Appellant was convicted of violating, A.R.S. § 13-1405, expressly provides that "[s]exual conduct with a minor who is under fifteen years of age is a class 2 felony and is punishable pursuant to section 13-705."[5] A.R.S. § 13-1405(B). When the victim is older than fifteen years of age, § 13-1405 is silent, and a more general sentencing scheme applies. *State v. Hollenback*, 212 Ariz. 12, 16, ¶ 13, 126 P.3d 159, 163 (App. 2005). Had the legislature intended for sentencing to occur under a more general statute, such as § 13-702, it would not have specifically provided otherwise in § 13-1405. *Id.* at 17, ¶ 14, 126 P.3d at 164.

**¶11** Appellant also appears to challenge the life term of imprisonment imposed under § 13-705(A)—former § 13-604.01(A)—suggesting the court should have instead sentenced him under subsection (B) of the statute, which in both the former and current versions provides for the possibility of a term less than life. The argument Appellant appears to make has previously been rejected by this court in *Hollenback*. *See id.* at 17, ¶¶ 16-18, 126 P.3d at 164.[6] Under current § 13-705(A)—and former § 13-

---

[4] Section 13-702 has been substantially amended since Appellant's crime, but the revisions have no effect on our resolution of this appeal.

[5] At the time of Appellant's crime, § 13-1405 provided that the offense of sexual conduct with a minor under fifteen years of age was "punishable pursuant to section 13-604.01." The reference to § "13-604.01" was revised to § "13-705" in 2008, *see* 2008 Ariz. Sess. Laws, ch. 301, § 58 (2nd Reg. Sess.), when § 13-604.01 was renumbered as § 13-705, *see* 2008 Ariz. Sess. Laws, ch. 301, §§ 17, 29 (2nd Reg. Sess.), eff. Jan. 1, 2009. Although former A.R.S. § 13-604.01 and current A.R.S. § 13-705 were amended several times after Appellant committed his crime, the revisions are not material to our analysis. Hereinafter, we refer to both the currently numbered version of the statute and the statute's former number.

[6] Subsection (A) of § 13-705—and former § 13-604.01(A)—requires imposition of a life sentence for sexual conduct with a minor twelve years

604.01(A)—a person at least eighteen years of age who stands convicted of a dangerous crime against children in the first degree involving sexual conduct with a minor twelve years of age or younger "shall" be sentenced to life imprisonment and is not eligible for release for thirty-five years, or until the sentence is commuted. The jury found Appellant guilty of sexual conduct with a minor, a dangerous crime against children, and specifically found that he was at least eighteen years of age and the victim was twelve years of age or younger at the time of the offense. Accordingly, we reject Appellant's argument that the trial court erred in sentencing Appellant to a term of life in prison without the possibility of release for thirty-five years.

     III.    *Other Issues*

**¶12**     We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. The evidence presented at trial was substantial and supports the verdict. Appellant was represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶13**     After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

---

of age or younger, except when the conduct involves "masturbatory contact," an exception that does not apply here. Further, subsection (B) is applicable only "[e]xcept as otherwise provided in this section."

**CONCLUSION**

¶14     Appellant's conviction and sentence are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA