**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRISTOPHER J. SPREITZ,

Petitioner - Appellant,

v.

CHARLES L. RYAN,

Respondent - Appellee.

No. 09-99006

D.C. No. 4:02-CV-00121-JMR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John M. Roll, District Judge, Presiding

Argued July 11, 2013
Submitted March 4 , 2019
San Francisco, California

Before: PAEZ, BERZON, and TALLMAN, Circuit Judges.

In 1994, Christopher Spreitz was convicted by an Arizona jury of first-degree murder and sentenced to death by a judge. He appeals the district court's denial of his petition for a writ of habeas corpus challenging his conviction and sentence. We hold that the Arizona Supreme Court did not unreasonably apply

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

*Barker v. Wingo*, 407 U.S. 514 (1972), by concluding that Spreitz was not denied

his Sixth Amendment right to a speedy trial. We hold further that the Arizona

post-conviction relief ("PCR") court did not unreasonably apply *Strickland v.

Washington*, 466 U.S. 668 (1984), by concluding that Spreitz's trial attorneys were

not ineffective for failing to preserve Spreitz's right to a speedy trial. Therefore,

we affirm the district court's denial of Spreitz's petition for a writ of habeas corpus

as to his conviction.[1]

**1.** Spreitz argues that he was denied his Sixth Amendment right to a speedy

trial because it took more than five years from the time of his arrest for the State to

bring him to trial. Spreitz raised this argument on direct appeal to the Arizona

Supreme Court, and that court denied his claim on the merits. *State v. Spreitz*, 945

P.2d 1260, 1270–71 (Ariz. 1997) (*Spreitz I*). The *Spreitz I* court correctly

identified *Barker v. Wingo* as the governing United States Supreme Court

precedent, and its application of *Barker*'s four-factor test was not unreasonable.

*See Spreitz I*, 945 P.2d at 1270 (explaining that "[t]he four-factor *Barker* analysis

---

[1] In an opinion filed concurrently with this Memorandum, we reverse the district court's denial of Spreitz's petition for a writ of habeas corpus with respect to his sentence. Therefore, we do not reach Spreitz's other certified and uncertified claims, except that we decline to grant a certificate of appealability as to Spreitz's claim that he is entitled to an evidentiary hearing in the district court—that claim is foreclosed by *Cullen v. Pinholster*, 563 U.S. 170 (2011).

examines (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant has demanded a speedy trial; and (4) the prejudice to the defendant" (internal quotation marks omitted)).

The *Spreitz I* court held that "[a] pretrial period after arraignment of over five years is presumptively prejudicial." *Id*. at 1271. The court then determined that each of the other three factors weighed against Spreitz: (2) the delay was caused by Spreitz's attempts to exclude DNA evidence; (3) Spreitz did not assert his right to a speedy trial until the eleventh hour—he "did not move to dismiss for violation of speedy trial rights until after the DNA evidentiary hearing process had run its three-year course, . . . [nor did he] complain of any violation of speedy trial rights until twelve days before trial, and the next day he moved to continue the trial because of defense counsel's scheduling conflict"; and (4) Spreitz claimed "no prejudice from the trial delay other than that arising out of his long period of custody . . . . [Thus, the court found] that the delay did not prejudice his ability to defend against the state's claims." *Id*.

Spreitz challenges the court's findings as to the second, third, and fourth *Barker* factors. He raises two primary arguments: that the delay was the State's

fault, and that he was prejudiced because he could not call Donald Alden (a paraplegic for whom he was a nurse) as a mitigation witness.[2]

Spreitz argues that the State is responsible for the delay, primarily between December 1989 and March 1990, because the State was unprepared to present its DNA evidence. Spreitz was arrested on May 25, 1989, and his trial began on August 9, 1994. *Spreitz I*, 945 P.2d at 1265–66. Spreitz waived his statutory speedy trial rights for various reasons through April 1991. *See id*. Even if the State were responsible for a four-month delay at the outset of the pretrial period,[3] the remaining years of delay cannot be attributed to an initial delay in the State's DNA testing process. Rather, the crux of Spreitz's argument is that the State is responsible for the delay because the State's desire to introduce DNA evidence required extensive pretrial litigation. According to Spreitz, he was merely opposing the State's trial strategy. Thus, he claims, the State is still at fault

---

[2] As to the third *Barker* factor, Spreitz also argues that he did not "waive" his right to a speedy trial  Although the *Spreitz I* court noted that his "assertion of rights was . . . untimely and bears little weight in our *Barker* analysis," *Spreitz I*, 945 P.2d at 1271, this finding was reasonable and did not imply that Spreitz had "waived" his rights.

[3] Given that Spreitz expressly waived his speedy trial rights through April 1991, *Spreitz I*, 945 P.2d at 1270, any delay attributable to the State during that time would be entitled to little weight.

because the State was the initial but-for cause of the delay. In other words, Spreitz's actions merely flowed from the State's.

Spreitz offers no compelling authority for his argument that the delay caused by the pretrial battle over DNA evidence should be attributed to the State. Although a court could conceivably fault the State for attempting to introduce unnecessary evidence that was likely to occasion delay, there was no finding that the DNA evidence was unnecessary. In fact, the state trial court ultimately held that the evidence was admissible, though Spreitz then succeeded in excluding it as a discovery sanction. Moreover, DNA evidence may have been relevant to identifying the blood in the trunk, an issue that Spreitz continued to dispute at sentencing. Thus, it was not unreasonable for the *Spreitz I* court to weigh the delay against Spreitz, who sought to benefit from opposing the State's introduction of DNA evidence. *See United States v. Tanh Huu Lam*, 251 F.3d 852, 858 *as amended on denial of reh'g and reh'g en banc*, 262 F.3d 1033 (9th Cir. 2001).

As to the prejudice factor, Spreitz cannot demonstrate that he suffered any substantial prejudice from the delay that would render the *Spreitz I* court's conclusion unreasonable. Spreitz is entitled to a baseline presumption that he was prejudiced by the five-year delay. *See Doggett v. United States*, 505 U.S. 647, 655–56 (1992). And Spreitz may have suffered some degree of "obvious"

prejudice when Donald Alden died before sentencing and therefore could not testify in mitigation. *Barker*, 407 U.S. at 532. However, this prejudice is not sufficient to render the *Spreitz I* court's application of *Barker* unreasonable.

As the State points out, Spreitz's role as a nurse to Alden, a paraplegic, was presented to the sentencing judge through various other witnesses. Moreover, it is unlikely that Alden would have been called as a mitigation witness because his interview notes reveal that he had a mixed view of Spreitz and nothing specifically positive to say. Indeed, the only evidence submitted in state court regarding Donald Alden, indicates at most that Spreitz initially made a good impression and that the two remained friends even after Alden had terminated Spreitz for his poor performance. It also indicates, contrary to Spreitz's mitigation presentation, that Spreitz bragged about fights he would allegedly get into.

In sum, the alleged prejudice Spreitz suffered is insufficient to overcome the *Spreitz I* court's finding that Spreitz caused the delay, and the fact that Spreitz failed to assert his right to a speedy trial until days before trial. As in *Barker*, Spreitz "did not want a speedy trial." 407 U.S. at 534 (finding this factor "more important than the absence of serious prejudice"). Just as Barker hoped to benefit from court proceedings concerning a possible witness against him, *id*., Spreitz hoped that he would benefit from the exclusion of DNA evidence. And as with

Barker, Spreitz only asserted his speedy trial rights after those proceedings had run their course.

We therefore conclude that the Arizona Supreme Court did not unreasonably apply *Barker v. Wingo*.

**2.** Spreitz next argues that his trial attorneys (William Lane and Marshall Tandy)[4] were ineffective for failing to preserve his right to a speedy trial. Beyond the prejudice related to Donald Alden's death, Spreitz fails to identify how he was prejudiced by his attorneys' decision to contest the DNA evidence and continue the trial date for several years. The state PCR court rejected this claim on the merits.[5]

Regardless of whether Lane or Tandy were deficient by failing to preserve Spreitz's speedy trial rights, Spreitz cannot show that he was prejudiced under *Strickland*. Spreitz does not—and could not—argue that he was prejudiced at the guilt phase of the trial. Therefore, as to the guilt phase, we conclude that the PCR

---

[4] Spreitz barely mentions his third trial attorney, Josephine Sotelo, who also represented him for the purpose of challenging the DNA evidence. Spreitz does not discuss any contact he had with Sotelo throughout the relevant time period, although Sotelo was presumably responsible for the bulk of the litigation at that time.

[5] The PCR court initially found this ineffective assistance of counsel claim waived, but nonetheless addressed it on the merits. The Arizona Supreme Court, however, reversed the PCR court's ruling that various ineffective assistance of counsel claims had been waived, but affirmed the merits rulings. *State v. Spreitz*, 39 P.3d 525, 527 (Ariz. 2002) (*Spreitz II*). Here, we review the merits ruling.

court did not unreasonably apply *Strickland* in rejecting Spreitz's claim that his trial attorneys were ineffective for failing to preserve his right to a speedy trial.[6]

For the above reasons, we affirm the district court's denial of Spreitz's petition for a writ of habeas corpus as to his conviction.

**AFFIRMED in part**.

---

[6] As noted *supra* at n. 1, we need not address any of Spreitz's claims related to the sentencing phase of his trial aside from those we address in our published opinion.