NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RUFUS LEE GARLAND, *Appellant.*

No. 1 CA-CR 22-0085
FILED 1-26-2023

Appeal from the Superior Court in Maricopa County
No. CR2020-128043-001
The Honorable Michael W. Kemp, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

Rufus Lee Garland, San Luis
*Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**B R O W N**, Judge:

¶1 This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Defendant Rufus Garland was given the opportunity to file a supplemental brief and he has done so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Garland, *State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶2 While running errands on July 17, 2020, the victim pulled over to the side of the road to text a friend. As the victim was texting, she looked up and saw Garland approach; he opened the passenger's side door, entered the car, pulled out a gun, and told her to drive. He then gave her driving directions and they eventually arrived at his apartment complex. After they entered his apartment, Garland started beating the victim with his fists, telling her to shut up and that he was going to kill her. He then told her to undress and started choking her. When she resisted, he bit her finger. He continued to punch her and then shaved her head, stating he was "making sure that nobody's going to recognize" her when she is dead. Eventually the victim was able to escape from the apartment and she called police on her way to the hospital.

¶3 The State charged Garland with kidnapping, a class 2 felony, in violation of A.R.S. § 13-1304 (count one), aggravated assault, a class 3 felony, in violation of A.R.S. § 13-1204 (count two), aggravated assault, a class 4 felony, in violation of A.R.S. § 13-1204 (count three), and assault, a class 1 misdemeanor, in violation of A.R.S. § 13-1203 (count 4).

¶4 A jury found Garland guilty of counts one, three, and four, but acquitted him on count two. The jury also found that for both counts one and three the State had proven two aggravating factors: (1) the offenses involved the infliction or threatened infliction of serious injury; and (2) the

offenses caused physical, emotional, or financial harm to the victim. The trial court sentenced Garland to presumptive prison terms of five years for count one and two and a half years for count three. On count four, the court imposed a 30-day jail sentence and ordered that all sentences would run concurrently, with presentence incarceration credit for 31 days. Garland timely appealed, and we have jurisdiction under A.R.S. § 12-120.21(A)(1).

¶5        In his supplemental brief, Garland argues the victim did not tell the truth. He claims she mischaracterized their relationship and that the locations she gave during her testimony were inaccurate. Garland also suggests the victim's story should not be believed because when the responding officers surveyed the scene on the night of the crime, they did not find a blood trail. At most, Garland's arguments about these alleged discrepancies raise credibility issues concerning the nature of the victim's prior relationship with Garland and her recollection of some of the details about the crime. Witness credibility, however, is a matter to be resolved by the trier of fact and we do not reweigh the evidence or assess credibility on appeal. *State v. Cid*, 181 Ariz. 496, 500 (App. 1995) ("The finder-of-fact, not the appellate court, weighs the evidence and determines the credibility of witnesses."). It was the jury's role to assess the credibility of the witnesses who testified at trial, including the victim. After doing so, the jury implicitly determined she was credible when it found Garland guilty on three counts.

¶6        Garland appears to argue that his counsel and the trial court erred by not allowing Garland to present certain evidence at trial, including photos of himself and the victim, that he wanted to use to show he had a prior relationship with the victim. He also submitted phone records that purportedly would have demonstrated his prior contact with the victim and that he was not in any of the locations where the victim was that night. Defense counsel presented these materials to the trial court but stated there was no foundation for admitting them as evidence. The materials were then added to the record but only for the purposes of preserving them for appeal. Garland has failed to show the court erred. To the extent he is asserting his counsel was ineffective, that claim may only be raised by filing a petition for post-conviction relief under Arizona Rule of Criminal Procedure 32. *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002).

¶7        After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Garland was present and represented by counsel at all critical stages of the proceedings against him. The evidence presented supports the convictions, and the sentences imposed fall within the range permitted by law. As far as the record

reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Garland's constitutional and statutory rights. Therefore, we affirm Garland's convictions and sentences.

**¶8** Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, her obligations are fulfilled once she informs Garland of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Garland has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA