NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RASOOL ADNAN KASHKOOL, *Petitioner*.

No. 1 CA-CR 23-0576 PRPC
FILED 09-24-2024

Appeal from the Superior Court in Maricopa County
No. CR2013-003662-001
The Honorable David W. Garbarino, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert A. Walsh
*Counsel for Respondent*

Rasool Adnan Kashkool, Phoenix
*Petitioner*

---

## MEMORANDUM DECISION

Vice Chief Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Jennifer M. Perkins joined.

---

**H O W E**, Judge:

**¶1**        Rasool Adnan Kashkool petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered his petition for review and for the reasons stated below, we grant review and deny relief.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        In 2018, a jury found Kashkool guilty of fraudulent schemes and artifices, a class two felony. The superior court sentenced Kashkool to six years in prison. On appeal, Kashkool challenged the sufficiency of the evidence, denial of the motion for directed verdict, double jeopardy, admissibility of bank dispute forms and other electronic banking records, and whether he had the mental capacity to commit the crime. *State v. Kashkool*, 1 CA-CR 18-0456, 2020 WL 1313318, at *1 ¶ 1 (App. Mar. 19, 2020). Finding no fundamental error, this court affirmed Kashkool's conviction and sentence. *Id.* at *6–7 ¶¶ 34–35.

**¶3**        Kashkool timely filed a notice of request for post-conviction relief, claiming ineffective assistance of counsel. *See* Ariz. R. Crim. P. 32.1(a). Finding no claims colorable, the superior court summarily dismissed the proceeding. Kashkool again raises ineffective assistance of counsel on review.

### DISCUSSION

**¶4**        To prevail on a claim of ineffective assistance of counsel, Kashkool must demonstrate that his counsel's performance was deficient and that he was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A strong presumption applies that "counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689. "Disagreements in trial strategy will not support a claim of ineffective

assistance so long as the challenged conduct has some reasoned basis." *State v. Gerlaugh*, 144 Ariz. 449, 455 (1985). We review a trial court's denial of a post-conviction relief proceeding for an abuse of discretion. *State v. Pandeli*, 242 Ariz. 175, 180 ¶ 4 (2017).

**¶5**　　　　First, Kashkool argues defense counsel erred by not raising a diminished capacity defense or admitting a letter Kashkool wrote to the bank explaining his mental health problems. Six years after the crime occurred, the trial court found Kashkool incompetent, but he was restored to competency two months later. In Arizona, evidence of a mental disease or defect cannot negate the mens rea element of a crime. *State v. Malone*, 247 Ariz. 29, 31 ¶¶ 8–9 (2019). Thus, Kashkool cannot show error and suffered no prejudice because neither a diminished capacity defense nor the letter could have negated the mens rea of the offense.

**¶6**　　　　Next, Kashkool contends defense counsel was ineffective during cross-examination of a bank employee who received Kashkool's dispute forms claiming fraudulent activity. Kashkool maintains that he signed a blank dispute form, and the employee filled it in later, but that his counsel failed to question the employee about this. This claim fails because "[t]he manner in which cross-examination is conducted is a tactical decision to be made by the lawyer." *State v. Stone*, 151 Ariz. 455, 461 (App. 1986). Additionally, on appeal, we rejected Kashkool's argument that the bank employee altered the bank forms. *Kashkool*, 1 CA-CR 18-0456, at *6 ¶ 30. Kashkool has not shown that his counsel's strategy not to pursue this line of questioning was unreasonable.

**¶7**　　　　Finally, Kashkool argues that his counsel was ineffective for not subpoenaing additional bank employees who received dispute forms from Kashkool. Kashkool argues the additional witnesses and their notary books would have supported his claim that he did not fill out the dispute forms. Again, the argument fails. "The decision as to what witnesses should be called to testify on defendant's behalf is a strategic decision that will not normally support a claim of ineffective assistance of counsel." *Gerlaugh*, 144 Ariz. at 462. Further, Kashkool's petition lacks supporting affidavits containing the witnesses' testimony. *See State v. Borbon*, 146 Ariz. 392, 399 (1985) ("Rule 32 does not require the trial court to conduct evidentiary hearings based on mere generalizations and unsubstantiated claims that people exist who would give favorable testimony."). Kashkool's claim that the other bank employee's notary books would show that Kashkool did not fill out the dispute forms is speculative and unsubstantiated.

**¶8**   Finally, Kashkool argues that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on appeal. It is well settled that ineffective assistance of counsel claims may only be brought in a post-conviction relief proceeding. *State v. Spreitz*, 202 Ariz. 1, 3 ¶ 9 (2002). Thus, we need not address the argument further.

## CONCLUSION

**¶9**   Because the superior court did not abuse its discretion in dismissing Kashkool's petition, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: TM