NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

SHAWN DOUGLAS CAMERON, *Petitioner*.

No. 1 CA-CR 24-0552 PRPC

FILED 03-06-2025

Petition for Review from the Superior Court in Mohave County
No. S8015CR201700132
The Honorable Lee Frank Jantzen, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Matthew J. Smith
*Counsel for Respondent*

Shawn Douglas Cameron, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Anni Hill Foster and Judge Michael J. Brown joined.

---

**M c M U R D I E**, Judge:

**¶1** Shawn Douglas Cameron petitions this court to review the summary dismissal of his petition for post-conviction relief ("PCR") filed under Arizona Rule of Criminal Procedure ("Rule") 32.1. We grant review but deny relief.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** For years, Cameron regularly sexually abused a child in his care. *State v. Cameron*, 1 CA-CR 19-0513, 2020 WL 7401271, at *1, ¶¶ 2-4 (Ariz. App. Dec. 17, 2020) (mem. decision). A jury convicted him of three offenses, and the court sentenced him to three consecutive prison terms. *Id.* at *1, ¶ 7. We affirmed his convictions on direct appeal but remanded the case for resentencing because the superior court mistakenly believed it lacked the discretion to order concurrent sentences for two convictions. *Id.* at *7, ¶¶ 33-36. The superior court resentenced Cameron to concurrent prison terms on the two convictions, to be served consecutively to the third conviction.

**¶3** Cameron petitioned the superior court for PCR based on ineffective assistance of counsel ("IAC"), submitting his arguments *pro se* after his counsel found no colorable claims. The superior court denied the petition and Cameron's rehearing request.

**¶4** Cameron petitioned this court for review. We have jurisdiction under Article 6, Section 9 of the Arizona Constitution, Arizona Revised Statutes § 13-4239, and Rule 32.16.

## DISCUSSION

**¶5**      Cameron seeks relief based on trial counsel's witness selection and plea-offer communications.[1] *See* Ariz. R. Crim. P. 32.1(a); *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002). Cameron bears the burden of showing the denial of PCR constituted an abuse of discretion or legal error. *State v. Reed*, 252 Ariz. 236, 238, ¶ 6 (App. 2021). He fails to meet that burden.

**¶6**      A colorable IAC claim requires proof that counsel's performance was deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to prove either element dooms the claim. *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006). To show deficient performance, the defendant must overcome a strong presumption that counsel's conduct could constitute a sound trial strategy. *Strickland*, 466 U.S. at 689. The defendant must provide evidence that the conduct was objectively unreasonable in view of prevailing professional standards. *Id.* at 687-88. Relying on conclusory assertions or simply disagreeing with counsel's strategic decisions is insufficient. *See State v. Pandeli*, 242 Ariz. 175, 181, ¶ 8 (2017); *State v. Leyva*, 241 Ariz. 521, 527-28, ¶ 21 (App. 2017). Similarly, to show prejudice, the defendant must provide some evidence, not just conclusory assertions, of a reasonable probability that counsel's deficient performance affected the case's outcome. *State v. Rosario*, 195 Ariz. 264, 268, ¶ 23 (App. 1999); *See State v. Donald*, 198 Ariz. 406, 414, ¶ 20-21 (App. 2000).

**¶7**      Cameron contends counsel should have called family members and friends to testify. Counsel explained in affidavits that they discussed the witness selection with Cameron before the trial. The secretive nature of Cameron's crimes limited family and friends' relevant testimony to character evidence. Even if such evidence were admissible, offering it risked opening the door to rebuttal evidence detrimental to Cameron's case. *See* Ariz. R. Evid. 404. Thus, counsel made a reasonable strategic decision not to call the witnesses. Cameron fails to show the decision amounted to deficient performance. He also fails to show a reasonable probability he would not have been convicted but for that decision.

---

[1]     Cameron also complains in his review petition that appellate counsel failed to keep him informed, failed to raise his desired issues, and delayed starting the PCR proceedings. But because he never mentioned these issues in his PCR petition in the superior court, they are waived. Ariz. R. Crim. P. 32.16(c)(4).

**¶8** Cameron also claims that counsel failed to tell him about the plea offers. A defendant is entitled to a hearing on such a claim if he or she "present[s] more than a conclusory assertion that counsel failed to adequately communicate the plea offer or the consequences of conviction." *Donald*, 198 Ariz. at 413, ¶ 17. The defendant "need not provide detailed evidence, but must provide specific factual allegations" and "should support such allegations by sworn statements or provide a satisfactory explanation of their absence." *Id.* When there is doubt, the court should hold a hearing. *Id.*

**¶9** Here, the court reasonably denied relief without holding a hearing because Cameron failed to establish a colorable claim of deficient performance. He made no effort to offer evidence or support his assertion that his counsel failed to notify him of plea offers. The only evidence was to the contrary. Counsel offered sworn statements that they kept Cameron informed of plea negotiations throughout the case. And the record shows plea offers were discussed during at least one pretrial hearing in Cameron and counsel's presence.

**¶10** The superior court properly denied PCR.

## CONCLUSION

**¶11** We accept review but deny relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR