NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DAWSON ANTONIO DIAZ, *Appellant*.

No. 1 CA-CR 24-0196

FILED 07-15-2025

Appeal from the Superior Court in Maricopa County
No. CR2023-132382-001
The Honorable Sunita Cairo, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Casey D. Ball
*Counsel for Appellee*

Kenney Law LLC, Florence
By Anthony L. Kenney
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Angela K. Paton joined.

---

**T H U M M A**, Judge:

¶1 Defendant Dawson Diaz appeals from his convictions, following a February 2024 jury trial, and resulting sentences, of aggravated assault with a deadly weapon or dangerous instrument, a Class 3 dangerous felony, and shoplifting with an artifice or device, a Class 4 felony. In April 2024, the court imposed concurrent prison terms of 7.5 years on the aggravated assault with a deadly weapon or dangerous instrument conviction and 4.5 years on the shoplifting with an artifice or device conviction, properly awarding Diaz 258 days of presentence incarceration credit. Diaz timely appealed.

¶2 The sole argument Diaz' appointed counsel raises on appeal is that Diaz' trial counsel "was ineffective for failing to request a self-defense jury instruction." As the State correctly notes, ineffective assistance of counsel cannot properly provide the basis for reversal on direct appeal from a conviction after trial. *See State v. Spreitz*, 202 Ariz. 1, 3 ¶ 9 (2002) ("[W]e reiterate that ineffective assistance of counsel claims are to be brought in Rule 32 proceedings. Any such claims improvidently raised in a direct appeal, henceforth, will not be addressed by appellate courts regardless of merit.").

¶3 In a March 3, 2025 order, this court granted leave for Diaz to file, as a self-represented litigant, a supplemental opening brief raising any additional issues on appeal he wished to raise. On April 23, 2025, that deadline was extended to May 22, 2025 for Diaz to file such a self-represented brief. That date has now passed, and Diaz has made no such filing.

¶4        Because Diaz has shown no reversible error, his convictions and resulting sentences are affirmed.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:                JR