832 P.2d 933

**STATE of Arizona, Appellant,**

v.

**Angel Cabecera BACA, Appellee.**

No. 1 CA–CR 91–0286.

Court of Appeals of Arizona,
Division 1, Department D.

June 4, 1992.

Richard M. Romley, County Atty. by Jessica G. Funkhouser, Deputy County Atty., Phoenix, for appellant.

Dean W. Trebesch, Maricopa County Public Defender by Lawrence S. Matthew, Deputy Public Defender, Phoenix, for appellee.

OPINION

GERBER, Judge.

FACTS

Appellee Angel Baca was charged by indictment with trafficking in stolen property. On April 30, 1990, he allegedly mailed a motion to dismiss or for speedy trial to Nancy Lewis, the deputy county attorney, and to the superior court. The state claimed that the motion was never received. Its log of incoming mail shows no such receipt. The state filed no response to this motion and took no action to accelerate Baca's trial date.

On August 31, 1990, Baca then filed a petition for writ of habeas corpus, attaching the motion to dismiss as an exhibit. The state opposed the petition and filed a response. The first trial judge to consider the issue dismissed the petition for habeas corpus and denied the motion to dismiss, finding that, because the motion had not been sent by certified mail, there was no proof that the motion had been mailed. Baca was arraigned and the case was then assigned to another judge. Baca filed a motion before him to set aside the prior ruling on the motion to dismiss. The state opposed reconsideration of the motion. The new judge granted Baca's motion to set aside the prior ruling and dismissed the case with prejudice because the state had failed to bring Baca to trial within the accelerated time limits requested in his motion to dismiss.

The state raises the following issues on appeal:

(1) Whether the trial court abused its discretion in reconsidering a motion that had been previously considered and ruled upon by another superior court judge;

(2) Whether the trial court erred in dismissing the case pursuant to Arizona Rule

of Criminal Procedure 8.3(b) when the prosecutor did not receive a copy of the motion.

## DISCUSSION

■ Rule 16.1(d) provides that "[e]xcept for good cause, or as otherwise provided by these rules, an issue previously determined by the court shall not be reconsidered." The first trial judge held that there was no proof of mailing because the motion had not been sent by certified mail. He denied the motion to dismiss "since the petitioner did not follow the requirements of the Uniform Mandatory Disposition of Detainers Act." However, the applicable rule governing the disposition of the issue is Rule 8.3(b) of the Arizona Rules of Criminal Procedure. This rule does not require certified mailing. Therefore, the first judge's holding relied on an incorrect statutory basis.

Furthermore, the first trial judge was misled by incorrect factual representations made by the state. In dismissing Baca's motion, the first trial judge stated "... there is no evidence of the court having received the motion." The state's original response to petitioner's motion to dismiss asserts that "... the state fails to find the receipt of this Motion by either the Court or the County Attorney's Office." In contradiction to this, the "Motion to Dismiss or for Quick Speedy Trial" can be found in the court file; it was stamped by the court as received on May 2, 1990. Thus, the court did in fact receive notice of Baca's request a few days after the alleged mailing.

The second trial judge indicated that his order granting the motion to dismiss was based on a review of the original pleadings and consideration of the renewed motion, response, and reply. Since an incorrect statute was relied upon and factual errors existed, there was good cause for the second trial judge to grant a motion to reconsider. State v. Sinclair, 159 Ariz. 493, 494 n. 1, 768 P.2d 655, 656 n. 1 (App.1988).

■ The state's response baldly states that Arizona has adopted the Uniform Mandatory Disposition of Detainers Act and is, therefore, bound by its mailing requirements. To the contrary, the table accompanying Rule 8.3 and the act itself indicate that the act has only been adopted to the extent that it is embodied in Rule 8.3(b). It is not the Uniform Mandatory Disposition of Detainers Act which dictates the procedure to be followed when dealing with detainers on in-state prisoners. A prisoner is entitled to have a pending matter tried within ninety days of mailing a request to the trial court and the prosecutor. If trial is not held within that period, Rule 8.6 calls for dismissal.

The state asserts on appeal that the second trial judge erred in granting the motion to dismiss because the state did not receive a copy of the motion. While the Uniform Mandatory Disposition of Detainers Act requires notice by certified or registered mail, Rule 8.3(b) is not so explicit. This rule does not require actual notice but simply "mailing." The state in its original response conceded that the motion was mailed.

The presumption of receipt upon proper mailing is a strong one. State v. Mays, 96 Ariz. 366, 395 P.2d 719 (1964). While the presumption can be overcome, sufficient evidence to do so was not offered. While the state reviewed its logs, it never asked Nancy Lewis, the deputy county attorney to whom the motion was addressed, if she had received it. Because the court got its copy of the motion and the state never made inquiry of the addressee as to its copy, the presumption was not overcome.

Because Baca presented uncontroverted evidence as to the mailing of his request, as a matter of law his right to speedy trial was denied even though the state had no actual notice of the motion.

## CONCLUSION

For the above reasons we conclude that the trial judge did not abuse his discretion in reconsidering the order to dismiss and in granting the order.

TAYLOR, P.J., and EHRLICH, J., concur.