NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RION STEVEN PRICE, *Appellant.*

No. 1 CA-CR 15-0489
FILED 11-3-2016

Appeal from the Superior Court in Maricopa County
No. CR2014-106600-001 DT
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Robert A. Walsh
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Christopher T. Whitten[1] joined.

---

**W I N T H R O P**, Judge:

**¶1**     Rion Steven Price ("Appellant") appeals the trial court's denial of his motion to suppress and subsequent motion for reconsideration. Appellant argues that the trial court erred in denying his motion to suppress because the arresting officer lacked reasonable suspicion to detain him. Appellant also argues that the trial court abused its discretion in finding there was no good cause to reconsider his motion to suppress. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**     On February 8, 2014, Officer Corey McDowell of the Mesa Police Department was working the graveyard shift when he was dispatched to the Plainsman Motel for a disturbance call. As he was approaching the motel in his patrol car, Officer McDowell received an update through his radio that one of the individuals involved in the disturbance, a white male named Rion who was wearing a black t-shirt and jeans, had left the motel. Shortly thereafter, Officer McDowell saw a man squatting against the wall of a house who fit the description of the man involved in the disturbance. Officer McDowell then activated the emergency lights on his patrol car, exited the vehicle, and asked Appellant his name.[2] Appellant refused to state his name. Officer McDowell told Appellant he was a Mesa police officer and Appellant was legally required to identify himself, but Appellant still refused to state his name. Officer McDowell then learned from Officer Brandon Lavin through his radio that the altercation at the motel was verbal and there was no probable cause for

---

[1]     The Honorable Christopher T. Whitten, Judge of the Arizona Superior Court, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2]     Appellant later testified that Officer McDowell exited the vehicle with his gun drawn and that Officer McDowell did not ask Appellant for his name until two other officers had arrived.

any criminal acts. After Appellant continued to refuse to state his name, Officer McDowell arrested Appellant for failure to identify himself to a law enforcement officer while legally detained.

¶3         Upon placing Appellant under arrest, Officer McDowell noted that Appellant had a "marble size bump in his cheek and teeth." The bump eventually disappeared, however. Officer McDowell then conducted a search of Appellant's person and found two Ziploc style bags in Appellant's pocket that contained a white substance, which was later determined to be methamphetamine.

¶4         As Officer McDowell took Appellant to the Mesa jail, Appellant identified himself as Rion Price.[3] Officer McDowell also noted that Appellant was exhibiting "bizarre" behavior. After arriving at the jail, Appellant's erratic behavior continued and Officer McDowell took him to the hospital, concerned that Appellant had ingested the object that caused the bulge in his cheek.

¶5         At the hospital, Officer McDowell saw Appellant's tattoos and asked what each one meant to Appellant. Appellant declined to discuss his tattoos and then stated he was going to "capitalize" Officer McDowell. Officer McDowell interpreted this statement to mean that Appellant was going to kill him.[4]

¶6         Appellant was charged with resisting arrest, a class six felony; possession or use of dangerous drugs, a class four felony; refusing to provide a truthful name when lawfully detained, a class two misdemeanor; threatening or intimidating, a class six felony; and possession of drug paraphernalia, a class six felony.[5]

---

[3]        While transporting Appellant to the jail, Officer McDowell discovered an active warrant for Appellant's arrest.

[4]        Appellant later contended at trial that he stated, "I'm going to capitalize off of this," meaning he was going to file a lawsuit.

[5]        After the February 2014 indictment, the parties stipulated to dismissal of two counts and renumbering the remaining counts for purposes of the jury trial.

¶7         Before trial, Appellant moved to suppress the evidence related to Officer McDowell's search—including the methamphetamine and drug paraphernalia—claiming a violation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Article II, sections 8 and 10, of the Arizona Constitution.

¶8         The trial court held an evidentiary hearing on the motion to suppress and received testimony from Officer McDowell, Officer Lavin, and Officer Hermes.[6]  Appellant did not testify.[7]  The court took the matter under advisement and later denied Appellant's motion to suppress, finding that "the totality of the events presented clearly establishe[d] a basis for the officers to detain [Appellant] following the reports they had received."

¶9         In January 2015, through new counsel, Appellant filed a motion to reconsider the denial of his motion to suppress, arguing that Officer McDowell lacked reasonable suspicion to stop Appellant.  The court then held an evidentiary hearing, during which Appellant testified that Officer McDowell did not ask Appellant his name until other officers were on the scene.  Appellant also stated he did not testify at the June 8, 2014 evidentiary hearing because he did not know he was able to.  Although the court found Appellant credible,[8] it nevertheless denied Appellant's motion for reconsideration, finding that Appellant's argument was "actually an ineffective assistance of counsel claim" and did not provide a basis for reconsideration.[9]

---

[6]    Officer Hermes, a gang detective, attempted to interview Appellant at the hospital after Officer McDowell stated that Appellant had threatened him.

[7]    Appellant contends that he "was unaware that he could have testified at the June 18, 2014 evidentiary hearing" until his new lawyer took over his case.

[8]    The court stated that although it was "quite possible" Appellant's testimony could have altered some of its findings at the initial suppression hearing, it was "even more likely" that the court would have reached the same conclusion.

[9]    The court noted that an ineffective assistance claim could be raised in post-conviction proceedings.

¶10            The case proceeded to trial, where the jury convicted Appellant of possession or use of a dangerous drug, refusing to provide a truthful name when lawfully detained, and possession of drug paraphernalia.

¶11            Appellant filed a timely notice of appeal.   We have jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2003), 13-4031 (2010), and 13-4033(A) (2010).

## ANALYSIS

### I.    Denial of the Motion to Suppress

¶12            We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion if it involves a discretionary issue, but review *de novo* constitutional and legal issues.  *State v. Moody*, 208 Ariz. 424, 445, ¶ 62, 94 P.3d 1119, 1140 (2004).  Whether an officer had reasonable suspicion of criminal activity to justify conducting an investigatory stop is a mixed question of law and fact, which we review *de novo*.  *State v. Rogers*, 186 Ariz. 508, 510, 924 P.2d 1027, 1029 (1996).  When considering the denial of a motion to suppress, we review only the evidence submitted at the suppression hearing and defer to the trial court's factual findings unless clearly erroneous.  *State v. Moore*, 222 Ariz. 1, 7, ¶ 17, 213 P.3d 150, 156 (2009).

¶13            The Fourth Amendment prohibits unreasonable searches and seizures, but investigatory stops are permitted when supported by an officer's reasonable suspicion that criminal activity is afoot.  *Rogers*, 186 Ariz. at 510, 924 P.2d at 1029.  Reasonable suspicion is a "commonsense, nontechnical conception[]," *Ornelas v. U.S.*, 517 U.S. 690, 695 (1996), and must be based on specific, articulable facts and rational inferences that arise from those facts.  *Terry v. Ohio*, 392 U.S. 1, 21 (1968).

¶14            Here, Officer McDowell's testimony established that there was sufficient justification to conduct an investigatory stop because Appellant was seen near the motel where the disturbance had occurred and fit the description of one of the individuals involved.  The record therefore supports the trial court's finding that Officer McDowell had a basis to detain Appellant.

¶15            Because Appellant was lawfully detained and Officer McDowell had reasonable suspicion that Appellant had engaged in criminal activity at the motel, Appellant's arrest for refusing to provide his

name was valid. *See* Ariz. Rev. Stat. § 13-2412(A) ("It is unlawful for a person, after being advised that the person's refusal to answer is unlawful, to fail or refuse to state the person's true full name on request of a peace officer who has lawfully detained the person based on reasonable suspicion that the person has committed, is committing or is about to commit a crime.").[10] Officer McDowell's subsequent search of Appellant's person was therefore justified as a search incident to arrest.[11] *See Chimel v. California*, 395 U.S. 752, 762-63 (1969) (stating that it is reasonable for an arresting officer to search the arrested person in order to remove any weapons or seize any evidence on the arrestee's person). Accordingly, the trial court did not err in denying Appellant's motion to suppress the evidence found during the search.

      II.     *Finding of No Good Cause for Reconsideration of the Motion to Suppress*

**¶16** Appellant also contends that the trial court abused its discretion in finding no good cause for reconsideration of his motion to suppress. Arizona Rule of Criminal Procedure ("Rule") 16.1(d) provides that, "[e]xcept for good cause, . . . an issue previously determined by the court shall not be reconsidered." We review a trial court's decision to reconsider an earlier ruling under Rule 16.1(d) for abuse of discretion. *State v. King*, 180 Ariz. 268, 279, 883 P.2d 1024, 1035 (1994).

**¶17** Generally, good cause for reconsideration can be shown where the trial court relied on factually erroneous information, an incorrect legal standard, or a recent change in the law. *See State v. Baca*, 172 Ariz. 1, 2, 832 P.2d 933, 934 (App. 1992) (holding good cause existed to grant a motion to reconsider where the first trial judge's decision relied on an incorrect statute and factual misrepresentations by the State); *State v. Sinclair*, 159 Ariz. 493, 494 n.1, 768 P.2d 655, 656 n.1 (App. 1988) (noting that good cause existed for the State to point out the factual errors and incorrect legal standard used by the trial court); *State v. Davis*, 137 Ariz. 551, 560, 672

---

[10] Appellant's briefs do not challenge the constitutionality of A.R.S. § 13-2412(A). Rather, his argument is limited to whether Officer McDowell had reasonable suspicion to detain him.

[11] Appellant cites authority that addresses the requirements necessary for police officers to conduct *Terry* frisks. That authority is not relevant here, however, because Officer McDowell did not search Appellant until after Appellant was arrested. Therefore, Officer McDowell's search of Appellant's person was a search incident to arrest, not a *Terry* frisk.

P.2d 480, 489 (App. 1983) (stating that a recent appellate decision and evidence later presented at trial were sufficient to establish good cause to reconsider a prior evidentiary ruling).

**¶18** Appellant argues two grounds to demonstrate good cause for reconsideration of the trial court's denial of his motion to suppress: (1) the trial court's finding at the hearing on the motion to reconsider that Appellant's testimony was credible, and (2) Appellant's prior attorney's failure to inform him that he could have testified at the initial suppression hearing.

**¶19** The primary case Appellant relies on to support his first argument is distinguishable. In *State v. Davis*, this court determined the trial court did not abuse its discretion in finding good cause for reconsidering its decision to exclude evidence of the defendant's prior convictions. *Id.* at 560, 672 P.2d at 489. The trial court reconsidered its decision because of its subsequent assessment of the "starkness of the issue of credibility." *Id.* This court affirmed, noting that the sole contested issue was the credibility of the victim, and "the jury was entitled to have before it any information which might have a bearing on the defendant's credibility also." *Id.* at 561, 672 P.2d at 490. Here, in contrast, the trial court did not exclude evidence at the initial suppression hearing; thus, the concern in *Davis* relating to the importance of providing relevant information to the jurors was not present.

**¶20** Furthermore, Appellant's primary argument is that there was "new" evidence (his own testimony) that the court found to be generally credible in a later hearing. But the court specifically observed that, even had such testimony been presented at the first hearing, it likely would not have changed the ultimate ruling in denying the motion to suppress.

**¶21** Appellant's second argument fails because any ineffective assistance claims must be brought in Rule 32 proceedings. *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9, 39 P.3d 525, 527 (2002) ("[W]e reiterate that ineffective assistance of counsel claims are to be brought in Rule 32 proceedings. Any such claims improvidently raised in a direct appeal, henceforth, will not be addressed by appellate courts regardless of merit.").

**¶22** Accordingly, construing the record in the light most favorable to affirming, *see State v. Mendoza-Ruiz*, 225 Ariz. 473, 474 n.1, ¶ 2, 240 P.3d 1235, 1236 n.1 (App. 2010), the trial court did not abuse its discretion in denying Appellant's motion for reconsideration of the denial of his motion to suppress.

**CONCLUSION**

¶23        Appellant's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA