NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

MICHAEL NICHOLAS MONYER, *Appellant*.

No. 1 CA-CR 17-0729
FILED 9-27-2018

Appeal from the Superior Court in Yavapai County
No. P1300CR201601064
The Honorable Patricia A. Trebesch, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Nicole Countryman, Phoenix
*Counsel for Appellant*

Michael Monyer, Florence
*Appellant*

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

**P E R K I N S**, Judge:

¶1        Michael Monyer appeals his convictions and sentences for five felony counts: (1) armed robbery; (2) aggravated assault with a deadly weapon; (3) aggravated assault with a deadly weapon against a minor under fifteen years of age; (4) stalking; and (5) criminal property damage. After searching the entire record, Monyer's counsel identified no arguable, non-frivolous questions of law. In accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), counsel advised the Court that she has found no arguable question of law, and requested this Court search the record for fundamental error. Monyer filed a supplemental brief *in propria persona*. We have reviewed the record and briefs and found no error. Accordingly, Monyer's convictions and resulting sentences are affirmed.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2        In the summer of 2016, Monyer and his wife, S., experienced marital problems. S. left the family home and Monyer began repeatedly texting and calling her. While S. was in Las Vegas with several family members, Monyer began texting the family members accompanying S. Monyer also threatened to burn some of S.'s possessions if she did not contact him. Monyer then sent S. images showing her wedding dress and some family heirlooms on fire. After S.'s sister, T., returned to Arizona, Monyer contacted the police to report S. as missing.

¶3        Next, Monyer drove to T.'s home in an effort to find S. On arriving, Monyer exited his vehicle and pointed a gun at T., who was sitting on her porch with her minor daughter, A., and talking to S. on a cell phone. Monyer approached the pair, placed his gun near T.'s head, and demanded T. hand over her cell phone. T. pleaded with Monyer to leave. Monyer took possession of T.'s phone and T. fled into her home with A. Monyer then used T.'s phone to contact S. and threatened to kill S.'s family, including T., if S. did not comply with his demands. After a short discussion with S. and T., Monyer left, leaving T.'s cell phone behind.

¶4         T. and S. both contacted the local police, who quickly began looking for Monyer, but could not locate him. Over the next several days, Monyer sent more messages to S. threatening to kill her and her family. At one point, Monyer traveled to Phoenix and, uninvited, entered S.'s aunt's house where several of her relatives lived. Monyer asked to speak with them but left when they told him they had to go to work.

¶5         The State charged Monyer with five felony counts, identified above. During Monyer's trial, S. testified about numerous text messages and calls from Monyer that included images of burned property, death threats, and threats to harm S.'s family members. T. testified about the morning confrontation at her home. T.'s children, A. and L., also testified about the confrontation. In particular, A. testified that Monyer threatened T., pointed a gun at T., and took T.'s phone. L., who was inside the home at the time of the incident, testified that he heard Monyer threaten T. and that T. was scared. Finally, S. testified that she heard T. screaming and that she, S., was afraid for her sister and niece's lives.

¶6         With the exception of the criminal damage charge, the jury found Monyer guilty on each count, as charged. For the criminal damage charge, the jury found that the property damaged was worth $1,000 to $2,000 dollars rather than more than $2,000, as originally charged. The State alleged nine aggravating factors and the jury found each beyond a reasonable doubt at a separate phase of the trial. The court sentenced Monyer to concurrent terms of imprisonment for counts 1, 2, 4, and 5, the longest of which was eleven years. The court sentenced Monyer to an additional 17.5 years' imprisonment, to be served consecutively, for count 3, aggravated assault with a deadly weapon against A., who was age 4 at the time of the incident.

**DISCUSSION**

¶7         On appeal, we view the facts, as reflected in the record, in the light most favorable to sustaining the convictions. *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 3 (App. 2015). Our review reveals no reversible error. *See Leon*, 104 Ariz. at 300–01 (describing our *Anders* review process). An individual is guilty of armed robbery if, as relevant here, the individual: (1) takes any property of another; (2) from his person or immediate presence; (3) against his will; (4) by threat or use of force; (5) with intent to coerce surrender of property; and (6) while armed with a deadly weapon. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-1902, -1904 (2018). An individual is guilty of aggravated assault with a deadly weapon if, as relevant here, the individual: (1) intentionally places another person in reasonable

apprehension of imminent physical injury (2) using a deadly weapon. A.R.S §§ 13-1203(A)(2), -1204(A)(2) (2018). If the victim of an aggravated assault involving a deadly weapon is under fifteen years of age, the aggravated assault is classified as a dangerous crime against children under A.R.S. § 13-705(Q)(1)(b) (2018). Under A.R.S. § 13-2923(A)(2)(a) an individual is guilty of stalking if, as relevant here, the individual: (1) intentionally engages in a course of conduct directed toward another that; (2) causes the victim to reasonably fear that the victim's family member will be killed. Under A.R.S. § 13-1602(A)(1) and (B)(4), an individual is guilty of criminal damage if, as relevant here, the individual: (1) recklessly damages the property of another; (2) in amount of one thousand dollars or more but less than two thousand dollars.

¶8        Monyer was charged with a total of five felonies, detailed above. The record reveals sufficient evidence upon which the jury could determine, beyond a reasonable doubt, that Monyer is guilty of the charged offenses. The record further reflects that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, that Monyer was represented by counsel at all stages of the proceedings, and that Monyer was present at all critical stages, including the entire trial and verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly composed of twelve jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-201 (2018); Ariz. R. Crim. P. 18.1(a). The court properly instructed the jury on the elements of the charged offense, the State's burden of proof, and Monyer's presumption of innocence. At sentencing, Monyer had the opportunity to speak and the court stated, on the record, the factors it considered in imposing the sentences. Ariz. R. Crim. P. 26.9, 26.10. The sentences imposed were within the statutory limits. *See* A.R.S. §§ 13-701 to -709.

¶9        Monyer, in his supplemental brief, argues that his trial counsel was ineffective, some of the jurors were biased based on their answers during voir dire, that the judge was biased, and insufficient evidence was presented at trial. First, we do not address claims of ineffective assistance of counsel on direct appeal. *State v. Spreitz*, 202 Ariz. 1, 3 ¶ 9 (2002). Second, Monyer's claims of bias as to the judge and the jurors are without merit. Monyer points to the fact that several jurors indicated they had prior experience with similar crimes or with law enforcement, however, each empaneled juror indicated they would not allow prior life experiences to influence their verdict in Monyer's case. Similarly, nothing in the record indicates any bias by the trial judge. Finally, for the reasons

discussed *supra*, there was ample evidence presented at trial upon which the jury could determine Monyer's guilt.

## CONCLUSION

**¶10**       This Court has read and considered counsel's brief and Monyer's supplemental brief, searched the record provided for reversible error, and has found no arguable issue. *State v. Clark*, 196 Ariz. 530, 538, ¶ 36 (App. 1999) (in an *Anders* appeal, "the court itself reviews the record for reversible error"). Accordingly, Monyer's convictions and resulting sentences are affirmed.

**¶11**       Upon filing of this decision, defense counsel is directed to inform Monyer of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Monyer shall have 30 days from the date of this decision to proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.

