NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

COLT PRESTON JACKSON, *Appellant.*

No. 1 CA-CR 17-0722
FILED 10-25-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-103040-002
The Honorable William R. Wingard, Commissioner

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

By Matthew O. Brown
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which
Presiding Judge Kenton D. Jones and Judge Michael J. Brown joined.

**T H O M P S O N**, Judge:

¶1          This case comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969).  Counsel for Colt Preston Jackson (defendant) has advised us that, after searching the entire record, he has been unable to discover any arguable questions of law and has filed briefs requesting this court to conduct an *Anders* review of the records.  Defendant has been afforded an opportunity to file a supplemental brief *in propria persona*, and he has done so.

¶2          Avondale Police Department received a 9-1-1 call from victim, who was in her house during a burglary. Victim was not expecting anyone that day, but she observed a woman repeatedly ringing the doorbell, while a man pretended to work on his car on the street in front of her house. Victim went over to a side window and saw "a large shadow" by the side of the house, at which point she initiated a 9-1-1 call and locked herself in the master bathroom.  While on the call, victim heard a large bang and two distinct voices downstairs. Victim later discovered her back doggy door had been broken, her back sliding door had been unlocked, and multiple kitchen drawers were left open.

¶3          A nearby police officer was at the scene within a minute of the call. The officer observed a car leaving the area and conducted a stop of defendant's car. After failing to stop for multiple blocks, defendant provided a false name to the officer.  Before the officer mentioned there was a burglary nearby, defendant spontaneously apologized for possibly going into the wrong house.  Defendant later explained he was looking for his aunt's house, where he was going to pick up transmission fluid and fix his car. At trial, defendant did not know his aunt's full married name or address.

¶4          Victim was brought to the scene of the traffic stop, where she identified defendant as the man pretending to work on his car and identified the passenger as the woman who rang the doorbell.  The victim's keys, purse, credit cards, iPod, and watches were all found in defendant's car.  Police also found a screwdriver, gloves, and wire cutters in the car.

¶5          The state charged defendant with Burglary in the Second Degree, a class 3 felony, and Possession of Burglary Tools, a class 6 felony.  A jury found defendant guilty on both counts.  As aggravating factors, the court found defendant was on felony probation and had prior felony convictions and as a mitigating factor the trial court considered defendant's family support. Defendant was given presumptive sentences of 11.25 years

on the burglary charge and 3.75 years on the possession of burglary tools charge, to be served concurrently, with 677 days of presentence incarceration credit.

¶6 In his supplemental brief, defendant appears to assert the trial court violated his Sixth Amendment right to effective assistance of counsel. *See* U.S. Const. amend VI. Specifically, defendant argues that his lawyer denied his wish to call the co-defendant as a witness, and that his lawyer did not adequately consult defendant about trial strategy. This court will not consider claims of ineffective assistance of counsel arguments raised on direct appeal. *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002). Such claims must be first presented to the trial court in a petition for post-conviction relief. *Id*. Defendant also alleges that the evidence was insufficient to sustain his conviction. "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004). There is sufficient evidence to support this conviction.

¶7 We have read and considered counsel's brief and defendant's brief and have searched the entire record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, defendant was adequately represented by counsel at all stages of the proceedings, and the sentence imposed was within the statutory limits. Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984), defendant's counsel's obligations in this appeal are at an end. Defendant has thirty days from the date of this decision in which to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

¶8 We affirm the convictions and sentences.

