NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CLARK ANDRE BOYD, *Appellant.*

No. 1 CA-CR 17-0633
FILED 11-8-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-154400-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Jennifer M. Perkins and Vice Chief Judge Peter B. Swann joined.

---

**H O W E**, Judge:

**¶1**        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Clark Andre Boyd has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Boyd was convicted of four counts: (1) possession of a dangerous drug, a class four felony; (2) unlawful flight, a class five felony; (3) resisting arrest, a class six felony; and (4) possession of marijuana, a class six felony. Boyd has filed a supplemental brief in propria persona, which the Court has considered. After reviewing the record, we affirm Boyd's convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Boyd. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998). One night in November 2016, police officers Ryan Nielsen and Kevin McGowan were on patrol in a fully marked patrol car equipped with lights and a siren. The officers saw Boyd's car and ran a computer check on its license plate. The search revealed that the car's registration had been suspended, and the officers attempted to stop Boyd by activating their car's lights and siren. Boyd did not stop, however, and continued to drive for about half a mile. He then made a sudden turn and accelerated, which caused him to temporarily lose control of his car. Boyd's car collided with the street curb and blew out both of his right tires.

**¶3**        Boyd then got out of his car and briskly walked away from the officers despite looking directly at their car. Officer McGowan exited the patrol car first and told Boyd that he was under arrest. At that point, Boyd reached for his pants' right pocket with both hands and looked like he was trying to remove items from his pocket. The officers then grabbed Boyd and tried to place him in handcuffs. Boyd did not obey the officers'

commands and resisted their attempts to move his hands behind his back. Officer Nielsen told Boyd to stop resisting, but Boyd did not. The officers then took Boyd to the ground to gain better control of him. While on the ground, Boyd grabbed Officer Nielsen's gun belt, did not follow any commands, and would not give them his hands. The officers were eventually able to handcuff Boyd.

**¶4**     After the officers placed Boyd in custody, they found a small bag that contained methamphetamine. When the officers searched Boyd's right pocket, they found marijuana in a rolled-up dollar bill. A grand jury indicted Boyd for possession of a dangerous drug, unlawful flight, resisting arrest, and possession of marijuana.

**¶5**     During trial, body camera videos of the arrest were shown to the jury. The videos showed Boyd asking the officers to stop hitting him and the officers denying hitting him. The videos did not show the officers hitting Boyd, but the videos began filming during the middle of the arrest. Officer Nielsen testified that the body cameras had a delay after being activated, and Officer McGowan testified that he did not know why his camera was not operating right away. The officers denied hitting Boyd during the arrest.

**¶6**     The jury found Boyd guilty on all counts. The trial court conducted the sentencing hearing in compliance with Boyd's constitutional rights and Arizona Rule of Criminal Procedure 26. Boyd admitted that he had four prior felony convictions. Thereafter, the trial court found that Boyd had two prior convictions that placed him in category three of the repetitive sentencing scheme. The trial court sentenced Boyd to a minimum term of 8 years' imprisonment for possession of a dangerous drug, a presumptive term of 5 years' imprisonment for unlawful flight, a maximum term of 4.5 years' imprisonment for resisting arrest, and a presumptive term of 3.75 years' imprisonment for possession of marijuana. The court ordered all terms to run concurrently, and Boyd received 227 days' presentence incarceration credit. Boyd timely appealed.

## DISCUSSION

**¶7**     We review the entire record for reversible error. *State v. Thompson*, 229 Ariz. 43, 45 ¶ 3 (App. 2012). Counsel for Boyd has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. However, in his supplemental brief, Boyd argues that (1) the trial court erred by not giving him a preliminary hearing, (2) he had ineffective assistance of counsel, and (3) he should have been

sentenced as either a category one or two repetitive offender despite having two prior felony convictions.[1]

**¶8** Boyd first argues that the court erred by not giving him a preliminary hearing. "The purpose of a preliminary hearing is to determine whether the prosecution's case establishes probable cause." *Segura v. Cunanan*, 219 Ariz. 228, 234 ¶ 21 (App. 2008). "As an alternative to a preliminary hearing, the prosecution may establish probable cause by obtaining an indictment from a grand jury." *Id.* at ¶ 22. Here, a grand jury indicted Boyd on all four counts. Therefore, he was no longer entitled to a preliminary hearing.

**¶9** Next, Boyd claims that he had ineffective assistance of counsel ("IAC"). IAC claims must be raised in a petition brought under Arizona Rule of Criminal Procedure 32. *State v. Spreitz*, 202 Ariz. 1, 3 ¶ 9 (2002). This Court will not address an IAC claim raised on appeal, regardless of merit. *Id.* Thus, we decline to address Boyd's IAC claim.

**¶10** Boyd further argues that he should have been sentenced as either a category one or two repetitive offender despite having two prior felony convictions. "If a person is convicted of multiple felony offenses that were not committed on the same occasion but . . . are not historical prior felony convictions, the person shall be sentenced as a first time felony offender . . . for the first offense, as a category one repetitive offender for the second offense, and as a category two repetitive offender for the third and subsequent offenses." A.R.S. § 13–703(A). Under A.R.S. § 13–703(C), "a person shall be sentenced as a category three repetitive offender if the person . . . stands convicted of a felony and has two or more historical prior felony convictions." Here, Boyd admitted that he had four prior felony convictions at sentencing. Thus, the trial court correctly sentenced Boyd as a category three repetitive offender.

**¶11** We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel

---

[1] In his supplemental brief, Boyd asked if any of his arresting officers were on the "Brady list." Similarly, he claims that the officers' body camera videos need to be further investigated concerning why they did not have earlier camera footage, which he claims would have shown the officers beating him. These statements and questions are not arguments and we decline to address them.

represented Boyd at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Boyd's convictions and sentences.

¶12 Upon the filing of this decision, defense counsel shall inform Boyd of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Boyd shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

¶13 For the foregoing reasons, we affirm Boyd's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA

5