NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

PETER JOSEPH DANIELS, III, *Appellant.*

No. 1 CA-CR 18-0306
FILED 4-23-2019

Appeal from the Superior Court in Yavapai County
No.  P1300CR201700779
The Honorable Tina R. Ainley, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Offices of Stephen L. Duncan, PLC, Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge James B. Morse Jr. and Judge Jon W. Thompson joined.

---

**S W A N N**, Judge:

¶1          This is an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), from Peter Joseph Daniels III's convictions and sentences for two counts of aggravated assault and one count of criminal damage.  Neither Daniels nor his counsel identify any issues for appeal.[1]  We have reviewed the record for fundamental error.  *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  We find none.

¶2          Daniels was indicted for two counts of aggravated assault (class three felonies), two counts of aggravated assault against persons under 15 years of age (class two felonies), and one count of criminal damage in an amount totaling between $1,000 and $2,000 (class six felony).  He pleaded not guilty, and the matter proceeded to a jury trial.

¶3          At trial, the state presented evidence of the following facts, which we view in the light most favorable to sustaining the jury's verdicts.  *See State v. Gunches*, 225 Ariz. 22, 25, ¶ 14 (2010).  T.M., C.W., and T.M.'s two young daughters were driving home to Phoenix from Prescott in T.M.'s small four-door hatchback, when T.M. noticed a SUV weaving through traffic behind him.  T.M. was driving, with C.W. in the passenger seat and his daughters in the backseat, while Daniels was driving alone in the approaching SUV.  It was midday and T.M.'s car windows were down.

---

[1]     Daniels filed a motion with this court in propria persona in February 2019, in which he argues that his "appointed assistance of counsel has not been adequate," and requests additional time to file a supplemental brief.  First, claims of ineffective assistance of counsel may only be raised in petitions for post-conviction relief, not in direct appeals.  *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002).  Second, by the time Daniels requested an extension, the deadline to file a supplemental brief had already passed.  We deny his request for an extension to file a supplemental brief.

¶4        Daniels started to drive close to T.M.'s rear.  T.M. could not change lanes because of the traffic, so Daniels drove into the median to pass him, kicking up dirt and debris onto his car.  T.M. stuck up his middle finger toward Daniels, who reciprocated the gesture, laughed, and started braking in front of T.M.  At a bend in the road, Daniels swerved his SUV attempting to force T.M. and his passengers off the road, but T.M. maneuvered sharply to avoid Daniels.  C.W. fumbled with her phone to call the police while trying to comfort the worried children.  T.M. then sped up to approximately 90 miles per hour to get ahead of and away from Daniels, but Daniels was able to get back behind T.M.'s car and rammed it several times with his front bumper while both vehicles were still traveling at high speeds. Daniels then pulled his SUV up to the side of T.M.'s car, and began laughing and "egging [T.M.] on."   T.M. warned his passengers to hold on and "mashed" on the brakes so to fall behind Daniels, and then took several pictures of Daniels's license plate.  T.M. abruptly pulled off the highway into a store parking lot and Daniels drove away.  The altercation caused approximately $4,200 of damage to T.M.'s car.

¶5        The court denied Daniels's motion for a judgment of acquittal under Ariz. R. Crim. P. ("Rule") 20.  The jury found Daniels guilty of two counts of aggravated assault (as to T.M. and C.W., but not to T.M.'s two minor children) and one count of criminal damage in an amount of over $1,000, and the court sentenced him to 10 years' imprisonment, with credit for 315 days of presentence incarceration.

¶6        We detect no fundamental error.  Daniels was present and represented at all critical stages.  The jury was properly comprised under A.R.S. § 21-102 and was properly instructed.  The jury's verdict was supported by sufficient evidence.

¶7        A person commits assault by "intentionally placing another person in reasonable apprehension of immediate physical injury."  A.R.S. § 13-1203(A)(2).  Basic assault becomes aggravated assault if the person commits the assault by using a "dangerous instrument," such as a vehicle. A.R.S. §§ 13-105(12), -1204(A)(2).  Here, the state's evidence established that, while driving at high speeds, Daniels drove close on T.M.'s rear, swerved his SUV toward T.M.'s car at a bend in the road, and then rammed T.M.'s car from the rear several times.  Daniels' physical gestures toward T.M.'s car further indicate that his aggressive driving was intentional, and support finding that T.M. and C.W. feared for their safety.  Daniels was aware that C.W. was a passenger in the car.  A person commits criminal damage by "recklessly defacing or damaging the property of another person."  A.R.S. § 13-1602(A)(1); see A.R.S. § 13-1701(1) ("'Damage' means any physical or

visual impairment of any surface."). Here, the state established that T.M.'s vehicle sustained over $4,000 in damage from the altercation with Daniels— significantly more than the $1,000 to $2,000 in damage required under § 13-1602(B)(4), with which Daniels was charged and convicted. The court imposed a lawful prison term for Daniels's convictions under A.R.S. §§ 13-703(J), -1204(E), and -1602(B)(4).

¶8      We affirm. Defense counsel's obligations pertaining to this appeal have come to an end. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Unless, upon review, counsel discovers an issue appropriate for petition for review to the Arizona Supreme Court, counsel must only inform Daniels of the status of this appeal and his future options. *Id.* Daniels has 30 days from the date of this decision to file a petition for review in propria persona. *See* Rule 31.21(b)(2)(A). Upon the court's own motion, Daniels has 30 days from the date of this decision in which to file a motion for reconsideration. *See* Rule 31.20(c).

