NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JUAN MANUEL MARTINEZ, *Appellant.*

No. 1 CA-CR 18-0460
FILED 4-25-2019

Appeal from the Superior Court in Maricopa County
No. CR2016-159630-002
The Honorable Julie Ann Mata, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Nicole Countryman, Attorney at Law, Phoenix
By Nicole Countryman
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Jon W. Thompson and Vice Chief Judge Peter B. Swann joined.

---

**M O R S E**, Judge:

¶1        Juan Manuel Martinez appeals his convictions and sentences for possession of a dangerous drug for sale and possession of a narcotic drug for sale.  After searching the entire record, Martinez's defense counsel identified no arguable question of law that is not frivolous.  Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error.  Martinez filed a supplemental brief in propria persona, which this Court has considered.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Martinez was a passenger in a vehicle when police pulled over that vehicle for expired license plate tags.  During that stop, an officer searched Martinez and found that Martinez was carrying a small baggie that the officer believed to contain cocaine, along with over a thousand dollars in cash.  Forensic analysis later confirmed that the baggie contained 936.4 milligrams of cocaine.

¶3        At some point during the stop, police asked the driver permission to search the vehicle with a K-9 unit, and he consented.  The dog quickly alerted to a duffel bag in the back seat.  Opening the bag, police found baggies that contained white powdery and crystal-like substances.  Later, forensic analysis determined that the baggies contained 28.32 grams of methamphetamine and 28.33 grams of cocaine.

¶4        After Martinez was read his Miranda warning, a police officer questioned him at the police station.  Martinez admitted to the officer that he trafficked in methamphetamine and cocaine.  Later, he spontaneously admitted to another officer that the bag with drugs was his.

¶5        Martinez was not present for trial, and the court proceeded in absentia.  The jury convicted him of possession of dangerous drugs for sale and possession of narcotic drugs for sale, both class 2 felonies.  The court sentenced Martinez to concurrent terms of eight years and four years for

his crimes, with sixty days of presentence incarceration credit. Martinez timely appealed.

## DISCUSSION

**¶6**        "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404, ¶ 2, n.2 (App. 2015).

**¶7**        Martinez first argues that the search of the vehicle violated his Fourth Amendment rights because the driver's consent was given "under coercion." The only support Martinez cites for his argument is an officer's testimony that the driver initially refused to consent and only gave consent after the K-9 officer arrived on scene. Because Martinez did not urge suppression at his trial, he has waived those issues, and we therefore employ fundamental error review. *See State v. Newell*, 212 Ariz. 389, 398, ¶ 34 (2006) (citing *State v. Tison*, 129 Ariz. 526, 535 (1981)). Defendant presents no evidence that the driver's change in mind was involuntary. Instead, the evidence presented indicates that the driver's consent to the K-9 officer was freely given: the K-9 officer testified, "He told me that, yeah, I could search and he had nothing to hide." In addition, at the time he gave consent, the driver was unrestrained. On this record, Martinez cannot establish that the consent was involuntary. *See State v. Paredes*, 167 Ariz. 609, 610 (App. 1991) (affirming trial court where "[o]ur search of the record, however, does not indicate any basis for believing that the defendant's consent was other than voluntary").

**¶8**        Martinez also argues that he "was coerced" into making his admissions, but provides no evidence indicating coercion. We also see no evidence of coercion in the record. Without evidence, we cannot say that the court erred by admitting Martinez's statements at trial. *See State v. Boggs*, 218 Ariz. 325, 336, ¶ 44 (2008) ("To find a confession involuntary, we must find both coercive police behavior and a causal relation between the coercive behavior and the defendant's overborne will.").

**¶9**        Martinez also argues that the trial court should not have held his trial in absentia. Martinez admits, and the record confirms, that "[i]t is uncontroverted that Mr. Martinez had notice of the . . . trial date, his right to be present at trial, and that he had been warned that trial could proceed in his absence." Martinez does not allege any facts that shows his absence was involuntary. Instead, Martinez points to statements made by his counsel during sentencing to show that his counsel ignored or misplaced e-mails in which Martinez had requested a different trial date. However,

counsel did not bring these e-mails to the court's attention prior to trial and Martinez does not claim that counsel informed him that the trial date would be changed per his request. On this record, Martinez was clearly aware of the date for trial and the court properly inferred that his absence was voluntary. *See* Ariz. R. Crim. P. 9.1 ("The court may infer that a defendant's absence is voluntary if the defendant had actual notice of the date and time of the proceeding, notice of the right to be present, and notice that the proceeding would go forward in the defendant's absence."); *see also State v. Hall*, 136 Ariz. 219, 222-23 (App. 1983) (finding valid waiver of right to be present even though defendant had told his attorney that he may not be able to be present on the scheduled trial date).

¶10        Martinez also claims his counsel's performance was deficient. This Court will not consider claims of ineffective assistance of counsel on direct appeal. *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002). Such claims must be first presented to the trial court in a petition for post-conviction relief. *Id.*

¶11        In addition to evaluating the arguments raised in Martinez's supplemental brief, we have conducted an independent review of the record. Our review also reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). The proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure ("Rule"). The record reveals that Martinez was represented by counsel at all critical stages of the proceedings. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages). The jury was properly comprised of twelve jurors, and the record shows no evidence of juror misconduct. *See* A.R.S. § 21-102(A); Rule 18.1. The trial court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, the necessity of a unanimous verdict, and the presumption of innocence. At sentencing, Martinez was given an opportunity to speak, and the court explained the basis for imposing the sentences. *See* Rules 26.9, 26.10. Additionally, the court appropriately imposed a sentence within the statutory limits. *See* A.R.S. § 13-702(D).

## CONCLUSION

¶12        Martinez's conviction and sentence are affirmed. Defense counsel shall inform Martinez of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶13** Martinez has thirty days from the date of this decision to proceed, if he wishes, with an in propria persona motion for reconsideration or petition for review.

