NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER DUANE MADDUX, *Appellant.*

No. 1 CA-CR 18-0823
FILED 10-29-2019

Appeal from the Superior Court in Maricopa County
No. CR 2017-107548-001
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Rena P. Glitsos
*Counsel for Appellant*

Christopher Duane Maddux, Eloy
*Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Maria Elena Cruz joined.

_____

**B R O W N**, Judge:

**¶1**   This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Maddux was given the opportunity to file a supplemental brief and has done so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Maddux, *State v. Guerra*, 161 Ariz. 289, 293 (1989).

**¶2**   One evening in February 2017, Maddux left a drug store after a stop for cigarettes. As he drove home, he encountered a car that appeared to be driving suspiciously and staying in his blind spot. After a few minutes of this, he thought he heard a gunshot and felt pain in his side. Believing he had been shot, he swerved toward the car that the shot seemed to originate from and began following it.

**¶3**   He followed the car for several minutes until it pulled into a parking lot. Two individuals got out of the car and approached Maddux's vehicle. Maddux pointed a gun at them and told them to back away. The two individuals fled the area and called the police. Soon thereafter, police officers found Maddux and gave him *Miranda* warnings. They also checked to see if Maddux had gunshot wounds or whether there were bullet holes in his vehicle, but they found no evidence of either.

**¶4**   The State charged Maddux with two counts of aggravated assault and alleged that both offenses were dangerous felonies because they involved the use of a deadly weapon. In September 2017, defense counsel filed a motion for a competency evaluation pursuant to Arizona Rule of Criminal Procedure, ("Rule") 11. The superior court granted the motion. After disagreement by the Rule 11 experts, Maddux was eventually declared incompetent but restorable, and a treatment plan was created to

restore Maddux's competency. In the meantime, the court allowed Maddux's counsel to withdraw and assigned new counsel.

**¶5**        After compliance with his restoration plan, in July 2018 Maddux was declared competent to stand trial. Shortly thereafter, he waived his right to counsel and decided to represent himself at trial with the assistance of advisory counsel. The jury found Maddux guilty as charged. The superior court imposed concurrent minimum five-year prison sentences for each count, with 193 days of presentence incarceration credit. Maddux timely appealed.

**¶6**        As best we can tell from his supplemental brief, Maddux asserts the following errors occurred in the superior court: (1) denial of his post-trial motions; (2) vindictive conduct by the prosecution at sentencing; (3) charging the offenses as dangerous; (4) giving of slanderous jury instructions; (5) unwarranted charges in light of the evidence presented; (6) inappropriate statements by the prosecutor during closing arguments; (7) the jury was not representative of the community; and (8) lack of competent counsel "offered by the County." Based on our thorough review of the record, nothing supports these vague assertions. Moreover, ineffective assistance of counsel claims cannot be raised on direct appeal. *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002).

**¶7**        We find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Maddux was present at all critical stages of the proceedings against him. He was also either represented by counsel, advisory counsel, or voluntarily, knowingly, and intelligently waived his right to counsel. The evidence presented supports the convictions, and the sentences imposed fall within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Maddux's constitutional and statutory rights. Therefore, we affirm Maddux's convictions and sentences.

**¶8**        Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, her obligations are

fulfilled once she informs Maddux of the outcome of this appeal and his future options.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  Maddux has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.

